Roseman, Appellee, *v.* Firemen and Policemen's
Death Benefit Fund et al., Appellants.

[Cite as *Roseman v. Firemen & Policemen's Death
Benefit Fund* (1993), 66 Ohio St.3d 443.]

(No. 92–777—Submitted March 16, 1993—Decided June 16, 1993.)

444

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.,* Ronald G. *Macala, Salvatore J. Falletta* and *Randall Vehar,* for appellee.

*Lee I. Fisher,* Attorney General, *Cherry Lynne Poteet* and *Andrew I. Sutter,* Assistant Attorneys General, for appellants.

ALICE ROBIE RESNICK, J. This case presents one issue: Does that part of R.C. 742.63, specifically R.C. 742.63(H), which provides that benefit amounts paid from the fund to a survivor shall not be adjusted when another survivor's benefit is terminated or reduced, violate the Equal Protection Clauses of the Ohio and United States Constitutions?[1] For the reasons which follow, we find that R.C. 742.63(H) violates appellee's equal protection rights. We affirm the judgment of the court of appeals.

The fund is created by R.C. 742.61. Benefits paid from the fund come from money provided by the state (and from any gifts made to the fund). No money supplied by employee or employer contributions goes into the fund.

R.C. 742.63 sets out rules for management of the fund and disbursement of benefits from it. The decedent, Donald Roseman, was a "member" of the fund pursuant to R.C. 742.63(A)(1).

R.C. 742.63(B) provides how the benefits are to be distributed when a member of the fund dies in the line of duty with a surviving spouse, and no surviving minor children.[2] R.C. 742.63(C) explains how benefits are to be distributed to a member's child or children when a member dies with no surviving spouse.

---

1. Section 2, Article I, Ohio Constitution provides in part:
   "All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *."
   The Fourteenth Amendment to the United States Constitution provides in part:
   " * * * No State shall * * * deny to any person within its jurisdiction the equal protection of the laws."
   The two Equal Protection Clauses place essentially the same limitations on governmental action. See *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 203, 551 N.E.2d 938, 947; *State ex rel. Nyitray v. Indus. Comm.* (1983), 2 Ohio St.3d 173, 175, 2 OBR 715, 717, 443 N.E.2d 962, 964.

2. R.C. 742.63(B) provides:
   "A spouse of a deceased member shall receive a death benefit each month equal to the full monthly salary received by the deceased member prior to the member's death, minus an amount equal to the benefit received under section 145.45, 742.37, 742.3714, or 5505.17 of the Revised Code or the benefit received from a retirement system operated by a municipal corporation, and shall also receive any increases in salary which would have been granted to the deceased, provided the deceased member was a fireman or policeman killed in the line of duty or who died of injuries sustained in the line of duty. The spouse of such a deceased member shall receive this benefit during the spouse's natural life, until the earlier of the deceased member's retirement eligibility date or the spouse's remarriage, on which date the benefit provided under this division shall terminate."

R.C. 742.63(D)(1) details the monthly benefit to be received when a deceased member is survived by a spouse and one child. R.C. 742.63(D)(2) details the monthly benefit to be received when a deceased member is survived by a spouse and more than one child.[3] The distribution from the fund to appellee and the children at the time of Donald Roseman's death was governed by R.C. 742.63(D)(2).

R.C. 742.63(E) provides how benefits are to be distributed when a member of the fund dies with no surviving spouse, no minor children, and a parent or parents dependent upon the decedent for support.

The distribution scheme of R.C. 742.63 thus conditions the monthly benefit received by a spouse, child, or parent of a decedent member upon the number of dependent survivors there are at the time of death of the member. Appellee in this case challenges the constitutionality of the classification drawn between the surviving spouses of members who also have a surviving minor child or children, and surviving spouses of members who have no surviving minor children. In particular, appellee challenges the operation of R.C. 742.63(H), which provides that "[t]he termination, or reduction in amount of, any survivor's portion of a death benefit that has been divided among two or more survivors pursuant to division (C), (D), or (G) of this section shall not affect the amount payable to the other survivors entitled to a portion of the death benefit."

Initially, we recognize that R.C. 742.63(H) enjoys a presumption of constitutionality, which attaches to any enactment of the General Assembly. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus; *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200, 1201.

We also recognize that discrimination against individuals or groups is sometimes an inevitable result of the operation of a statute. The mere fact that a statute discriminates does not mean that the statute must be unconsti-

---

3. R.C. 742.63(D)(2) provides:

"If there is a surviving spouse and more than one child, then the spouse receives an amount equal to one-third of the full monthly salary received by the deceased member prior to the member's death, plus any increases in salary which would have been granted to the deceased, minus an amount equal to the benefit received under section 145.45, 742.37, 742.3714, or 5505.17 of the Revised Code or the benefit received from a retirement system operated by a municipal corporation, and the children receive a benefit, which is equally divided among them, equal to two-thirds of the full monthly salary received by the deceased member prior to the member's death, plus any increases in salary which would have been granted to the deceased, minus an amount equal to the benefits received under section 145.45, 742.37, 742.3714, or 5505.17 of the Revised Code or the benefits received from a retirement system operated by a municipal corporation."

tutional. The General Assembly has " 'considerable leeway to enact legislation that may appear to affect similarly situated people differently. * * * ' " *State ex rel. Vana v. Maple Hts. City Council* (1990), 54 Ohio St.3d 91, 93, 561 N.E.2d 909, 912, quoting *Clements v. Fashing* (1982), 457 U.S. 957, 962–963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 515. "By the very nature of the work of the legislature, it must, if it is to act at all, impose special burdens upon or grant special benefits to special groups or classes of individuals." *State ex rel. Doersam v. Indus. Comm.* (1989), 45 Ohio St.3d 115, 119, 543 N.E.2d 1169, 1173.

In determining whether a statute is unconstitutional because it violates the right to equal protection, we first must examine the class distinction drawn to decide if a suspect class or a fundamental right is involved. See *Vana, supra*, 54 Ohio St.3d at 92, 561 N.E.2d at 911; *Primes v. Tyler* (1975), 43 Ohio St.2d 195, 198–199, 72 O.O.2d 112, 114, 331 N.E.2d 723, 726. If no suspect class or fundamental right is involved, the classification will be subject to a "rational basis" level of scrutiny. *Granzow v. Montgomery Cty. Bur. of Support* (1990), 54 Ohio St.3d 35, 37, 560 N.E.2d 1307, 1309; *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 58, 514 N.E.2d 709, 714. The classification will not violate the Equal Protection Clause if it bears a rational relationship to a legitimate governmental interest. *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181, 182; *Kinney v. Kaiser Aluminum & Chem. Corp.* (1975), 41 Ohio St.2d 120, 123, 70 O.O.2d 206, 208, 322 N.E.2d 880, 883.

We find that this case does not involve a suspect class or a fundamental right. Therefore we apply the rational basis test to evaluate the classification created. We must uphold the statute unless the classification is irrelevant to achievement of the state's purpose. *Menefee, supra*, 49 Ohio St.3d at 29, 550 N.E.2d at 183; *McGowan v. Maryland* (1961), 366 U.S. 420, 425, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399. However, if a classification is not justified by a legitimate state interest, this court must strike down the discriminatory law creating the classification which treats similarly situated individuals differently. See *Primes, supra*, 43 Ohio St.2d at 199, 72 O.O.2d at 114, 331 N.E.2d at 726. To that end, we examine the purposes sought to be achieved by the General Assembly in establishing the benefit scheme embodied in R.C. 742.63, and the relationship of the challenged classification to those purposes.

It is clear that the overall purpose of the statutory benefit distribution scheme of R.C. 742.63 is to provide for surviving family members of firefighters and law enforcement personnel who are killed in the line of duty, or who die of injuries sustained in the line of duty. R.C. 742.63(B), (C)(1), (D), and (E). In fulfilling this laudable purpose, R.C. 742.63 provides that the fund's

benefits are to be distributed so that the stream of income which the decedent would have earned if he or she had survived will continue to be paid to those dependent on the member for support. The statute repeatedly uses the term "full monthly salary" as a reference point in setting the amount of monthly benefit to be received. See R.C. 742.63(B), (C)(1), (D)(1), (D)(2), and (E). The statutory scheme provides that the monthly benefit amount must be adjusted upward to reflect salary increases the decedent would have earned, and also downward to reflect certain other benefits received by the particular dependent (such as pension payments), which would not have been received if the decedent had survived and had continued working.

The intention to continue providing an unbroken stream of income to dependents of the decedent is further illustrated by statutory provisions regarding when benefit payments from the fund cease to be awarded. For example, R.C. 742.63(B) provides that a deceased member's spouse receives the benefit during his or her life until the earlier of the spouse's remarriage or the decedent's retirement eligibility date; and R.C. 742.63(C)(1) provides that the benefits paid to the child of a deceased member shall in most circumstances terminate when the child reaches the age of eighteen (or twenty-two if the child is a student). In these situations, the statute attempts to provide benefits until the surviving family member would have no longer depended upon the decedent for support if the decedent had lived.

Appellee does not challenge all aspects of the statutory classification scheme. Both the trial court and the court of appeals found that there is a rational basis for treating spouses of members without minor children differently from spouses of members with children as long as the children are receiving benefits. In classifying spouses in this way, the statutory provisions are consistent with the overall goal of continuing the income stream the decedent would have earned. For example, if the decedent is survived by minor children from a previous marriage who do not live with the surviving spouse, the decedent may have been responsible for the children's support if he or she had lived. The fund makes provisions for such children's support after the member's death, until the children are emancipated within the meaning of R.C. 742.63.

The operation of the statutory scheme challenged by appellee revolves around the provision of R.C. 742.63(H) that benefit amounts are not to be recalculated after benefits to one survivor are reduced or terminated. Appellee posits that the unconstitutional discrimination in her situation occasioned by the statutory classification scheme did not begin until her first child became ineligible for further benefits, at which time appellee unjustifiably continued to receive a lesser monthly benefit than she would have received if

the decedent had been survived by no children eligible to receive benefits from the fund. Appellants appear to argue that because there is a rational basis at the time of the death in the line of duty to treat spouses of members with dependent children differently from spouses of members without children, then the classification must withstand equal protection scrutiny. We cannot accept appellants' contentions. Even though the classification may be justified at the time of the member's death, it is possible it could be unjustifiable at a later time.

The arbitrariness of the statute's operation is best illustrated by an example which considers the benefit received by a surviving spouse of a member with two surviving children who are eighteen years of age and do not attend college, compared to the benefit received by a surviving spouse of a member with two surviving children who are seventeen years of age. The surviving spouse of a member with two children who have reached the age of majority at the time of the member's death receives the full monthly salary (with adjustments) of the decedent until remarriage or until the decedent member would have reached the age of retirement, whichever comes first. See R.C. 742.63(B). The children who have already reached the age of majority when the member dies in the line of duty are ineligible to receive benefits from the fund. See R.C. 742.63(D)(3), referring to R.C. 742.63(C).

The surviving spouse of a member with two surviving children who are age seventeen, on the other hand, receives only one-third of the full monthly adjusted salary of the decedent member (minus other benefits). The children who are seventeen years of age at the time of the member's death receive the other two-thirds of the decedent's full monthly adjusted salary for only one year, and then receive nothing (if they do not attend college) upon reaching age eighteen. See R.C. 742.63(D)(2). After the children lose their eligibility for benefits, the surviving spouse still receives only one-third of the decedent's monthly adjusted salary (minus other benefits).

We can conceive of no reasonable justification for the statute to operate in this manner. For a surviving spouse in appellee's situation, the statutory scheme abandons the overall purpose of continuing the income stream as if the decedent had lived. Whether the statute operates this way through a calculated decision of the General Assembly or through an oversight, the classification as it affects appellee bears no rational relationship to any legitimate state purpose. R.C. 742.63(H), by requiring that the benefit amount not be recalculated, totally departs from a consistent operation of the provisions embodied in R.C. 742.63.

Appellants argue that the fund represents only one part of a comprehensive scheme to provide for surviving dependents of members. Appellants contend

that the benefits provided must be viewed as belonging to the entire family of a decedent member, and that this comprehensive scheme is not taken into account if only the benefits received, or not received, by appellee are considered. For instance, through R.C. 3333.26(B), dependent children of a police officer or firefighter who dies in the line of duty are eligible to receive four years of free tuition and fees to any state-supported university, college, community college or technical school. Thus, appellants urge that the legislature is justified in classifying spouses of members with children to receive lesser monthly benefit amounts (including after the children are ineligible to receive benefits), because the spouse and children collectively receive more benefits, through programs such as that of R.C. 3333.26(B), than the spouse of a member without children. Appellants contend that the operation of R.C. 742.63 must be viewed as a part of that overall picture, and that R.C. 742.63(H) rationally furthers the General Assembly's intention to provide benefits to dependent survivors as the decedent would have wished.

We do not accept appellants' contention. R.C. 742.63 makes no mention of the correlation of that statute to R.C. 3333.26(B). To argue that the two statutes are connected is to engage in pure speculation. In addition, when the children of a member choose not to further their education, R.C. 3333.26(B) is irrelevant to a consideration of the total benefits received by that member's dependents. We realize we must uphold the statute if any set of facts "reasonably may be conceived to justify it." *McGowan, supra,* 366 U.S. at 426, 81 S.Ct. at 1105, 6 L.Ed.2d at 399. However, we find that appellants' argued justification is not reasonable.

As another justification for the classification drawn, appellants argue that the preservation of state money is a legitimate state purpose supporting the constitutionality of R.C. 742.63(H). We accept the proposition that sometimes preserving state money can be a rational reason for creating a particular classification. See *Menefee, supra,* 49 Ohio St.3d at 29, 550 N.E.2d at 183. However, when preserving state money is accomplished only by treating an individual in an arbitrary manner, it is not a valid reason to classify. See *Doersam, supra,* 45 Ohio St.3d at 120–121, 543 N.E.2d at 1174. See, also, *State ex rel. Nyitray v. Indus. Comm.* (1983), 2 Ohio St.3d 173, 177, 2 OBR 715, 719, 443 N.E.2d 962, 966 (" * * * [C]onserving funds is not a viable basis for denying compensation to those entitled to it").

The classification created by the operation of R.C. 742.63(H) bears no rational relationship to any discernible legitimate governmental interest. Therefore, the classification is irrelevant to achievement of the state's purpose. *Menefee, supra,* 49 Ohio St.3d at 29, 550 N.E.2d at 183. When the Ohio legislature chooses to award benefits to the survivors of members who die in

the line of duty, equal protection requires that similarly situated individuals be treated in a like manner. After the children were ineligible to receive benefits from the fund, appellee was situated similarly to other surviving spouses without children, and should have been treated the same. No legitimate state interest was furthered by treating her differently.

We hold that under R.C. 742.63, surviving spouses of members with children become situated similarly to surviving spouses of members without children once the children lose their eligibility for benefits. R.C. 742.63(H), by preventing the recalculation of benefits to be paid to the spouse of a member whose children become ineligible to receive benefits, unjustifiably discriminates against such a spouse, and violates the Equal Protection Clauses of the Ohio and United States Constitutions. We affirm the judgment of the court of appeals.[4]

*Judgment affirmed.*

A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY, and PFEIFER, JJ., concur.

MOYER, C.J., dissents.

---

4. Appellants argued to the trial court that the six-year limitation period of R.C. 2305.07 for actions "upon a liability created by statute" should bar appellee's right to challenge the constitutionality of R.C. 742.63(H). The trial court apparently did not accept appellants' argument, because appellee prevailed there. Appellants did not raise the statute of limitations issue in the court of appeals. While the issue is not properly before us, it is conceivable that the question could arise in other situations involving the distribution of benefits from the fund pursuant to R.C. 742.63.