Cook, J.,
dissenting. I respectfully dissent on the basis that the appellant has not shown an equal protection violation.
In order for this court to strike down a democratically produced statute based on equal protection, we must follow a legitimate process independent of our social or moral preferences. We start with the presumption of constitutionality and must uphold the statute unless its unconstitutionality is shown beyond a reasonable doubt. State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus; State v. Thompkins (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926, 928. In this case, the challengers must show that the classification is wholly irrelevant to any state purpose. Roseman v. Firemen & Policemen’s Death Benefit Fund (1993), 66 Ohio St.3d 443. 447. 613 N.E.2d 574. 577.
*209 The majority finds appellant has met the burden of demonstrating the unconstitutionality of the separate compensation system for work-relief employees with broad conclusions sounding in the realm of social “rightness,” such as “inherently unfair,” “blatant disparate treatment,” “those who are less fortunate,” and this “widow should be afforded the protection that other widows * * * receive.”
My personal preference about the treatment of widows falls right in line with the majority’s. Such personal preferences necessarily aside, however, I believe the appellant has failed to demonstrate that the legislative decision to set up different systems for compensating relief-workers and wage-earning workers upon death or injury is wholly irrelevant to any state purpose. The majority outlines the origins of this separate system for relief workers and the case to which the legislature was responding. Classifying such workers differently need only bear some rational relationship to a legitimate governmental objective. Id. The legitimacy of the objective is judged by relevance to a state purpose — not by whether we judges personally can abide such objective.
I agree with the court of appeals that the challenged statute does not offend equal protection principles. I would, therefore, affirm the judgment and deny the writ.
Moyer, C.J., concurs in the foregoing dissenting opinion.