DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Michael Hill has appealed from an order of the Medina County Common Pleas Court that modified his child support obligation. He has argued that the trial court incorrectly failed to deduct unreimbursed ordinary and necessary business expenses in computing his income.[1] Specifically, he has asserted that Section 3113.215(F) of the Ohio Revised Code, which provides for deduction of ordinary and necessary business expenses in calculating the income of self-employed individuals, unconstitutionally discriminates against individuals who are not self-employed. This court affirms the judgment of the trial court because Section 3113.215(F) of the Ohio Revised Code does not unconstitutionally discriminate against individuals who are not self-employed.
 I.
Plaintiff Jennifer Osborn and defendant Michael Hill are the parents of Christina Osborn, who was born on December 27, 1988. On April 24, 1990, following Mr. Hill's admission of paternity, the trial court ordered him to pay $775 per month, plus poundage, in child support. On February 18, 1997, Ms. Osborn moved for a modification of the support obligation. The motion was heard by a magistrate, who concluded that there was not a sufficient change in circumstances to warrant modification. In so ruling, the magistrate included in her calculations deductions from Mr. Hill's income for ordinary and necessary business expenses in the amount of $10,320.
Ms. Osborn timely objected to the magistrate's report. On August 12, 1997, the trial court held that the magistrate incorrectly allowed Mr. Hill's business expenses to be deducted because he is not self-employed. Accordingly, the trial court sustained Ms. Osborn's objections and ordered an increase in Mr. Hill's child support obligation. Mr. Hill timely appealed to this Court.
 II.
Mr. Hill's assignment of error is that the trial court incorrectly failed to deduct unreimbursed ordinary and necessary business expenses in computing his income. According to him, the allowance of such a deduction for self-employed individuals while not allowing it for individuals who are not self-employed constitutes unconstitutional discrimination.
Gross income, for the purpose of determining child support levels, includes both earned and unearned income, from all sources, whether taxable or nontaxable, unless excluded by statute. Section 3113.215(A)(2) of the Ohio Revised Code. Ordinary and necessary business expenditures by self-employed individuals are excluded. Section 3113.215(F) of the Ohio Revised Code.
Mr. Hill is not self-employed. The statute prohibited the magistrate from deducting his ordinary and necessary business expenses. Mr. Hill has argued that the classification of workers into those who are self-employed and those who are not is constitutionally suspect.
The fact that Section 3113.215(F) makes a distinction between self-employed workers and the rest of the workforce does not, standing alone, make this a suspect classification under the Equal Protection Clause. See Am. Assn. of Univ. Professors, Cent.State Univ. Chapter v. Cent. State Univ. (1998), 83 Ohio St.3d 229,233. Similarly, the deduction of ordinary and necessary business expenses in a child support calculation is a statutorily-created calculation, not a fundamental right. Because Section 3113.215(F) does not create a suspect classification or abridge a fundamental right, this Court must uphold the provision if it bears a rational relationship to a legitimate government interest. See Roseman v. Firemen Policemen's Death Benefit Fund (1993), 66 Ohio St.3d 443, 447. In other words, this court will not invalidate the provision unless the distinction is irrelevant to achievement of the state's purpose. Id.
Mr. Hill has argued that, by allowing only self-employed individuals to deduct ordinary and necessary business expenses, the government is attempting to encourage and benefit self-employed individuals, which works a detriment to those who are not self-employed. The child support guidelines were not designed to benefit anyone other than the child for whom the support is being determined. The underlying spirit and policy of Chapter 3113 of the Ohio Revised Code is concern for the best interest of the child. Cuyahoga Cty. Support Enforcement Agencyv. Lozada (1995), 102 Ohio App.3d 442, 450. "To ensure the best interest of children, the General Assembly enacted comprehensive legislation outlining the specific procedures to be followed to meet this overriding interest of the law." Marker v. Grimm
(1992), 65 Ohio St.3d 139, 141-42.
This legislation was intended to provide uniform, consistent, and fair support obligations. Id. at 143. By allowing self-employed individuals to deduct ordinary and necessary business expenses, the legislature provided a fair and accurate way of determining the gross receipts of these individuals. Insuring accurate and fair calculation of child support obligations is a legitimate state interest, and the distinction between self-employed individuals and the rest of the workforce is relevant to achieving that interest. Mr. Hill's assignment of error is overruled.
 III.
Mr. Hill's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
REECE, P.J.
CARR, J., CONCUR
[1] Defendant's assignments of error have been consolidated for ease of discussion.