OPINION
Plaintiff-appellant, the State of Ohio, appeals the August 10, 2000, Judgment Entry of the Tuscarawas County Court of Common Pleas dismissing an indictment on one count of having a weapon while under a disability, pursuant to R.C. 2923.13(A)(3). Defendant-appellee is Robert H. Thomas, Jr.
 STATEMENT OF THE FACTS AND CASE
Defendant-appellee Robert H. Thomas, Jr. [hereinafter appellee] was indicted on one count of having a weapon while under a disability, in violation of R.C. 2923.13. Plaintiff-appellant, the State of Ohio [hereinafter appellant], alleged that appellee possessed a firearm on or about October 23, 1999, after having been "indicted for or convicted of an offense involving the illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse." See Indictment. Appellant's amended Bill of Particulars claimed that a .38 special firearm was found underneath appellee's bed inside his residence and that he had been convicted of the offense of unlawful possession of marijuana, a class six felony, in the Pima County Arizona Superior Court on December 20, 1994. A laboratory report attached to the Amended Bill of Particulars indicated that the Arizona conviction was based upon possession of 1.09 grams of marijuana. On March 31, 2000, appellee filed a motion seeking to dismiss the Indictment. Appellee claimed that R.C. 2923.13, the Disability Statute, was unconstitutional as applied to appellee because it was a denial of his due process rights. On May 25, 2000, the trial court issued a Judgment Entry in which it overruled appellee's motion on the grounds of due process, but dismissed the Indictment, sua sponte, finding that R.C. 2923.13 is unconstitutional as applied to appellee because it violated appellee's right to equal protection. It is from the dismissal of the Indictment with prejudice, that appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED IN DETERMINING THAT OHIO REVISED CODE SECTION 2923.13(A)(3) "THE HAVING WEAPONS WHILE UNDER A DISABILITY" OFFENSE, IS CONSTITUTIONAL [SIC] UPON EQUAL PROTECTION GROUNDS UPON THE FACTS PRESENTED, IN THAT THE DEFENDANT'S FELONY CONVICTION IN THE STATE OF ARIZONA FOR THE UNLAWFUL POSSESSION OF 1.09 GRAMS OF MARIJUANA IMPOSED A VALID DISABILITY IN THE STATE OF OHIO.
The trial court's dismissal of the indictment was based upon the following reasoning, as outlined in its Judgment Entry: FINDS that upon its own initiative, the Court concludes that Section 2923.13(A)(3), Ohio Revised Code is Unconstitutional as applied to the Defendant in this case as being in derogation of the Defendant's rights to equal protection of the laws as guaranteed to him by the 14th Amendment to the United States Constitution and Article II, Section 26 of the Ohio Constitution. This is so because the conviction of the Defendant in the State of Arizona for possession of marijuana in an amount less than one hundred (100) grams nonetheless a felony in the State of Arizona, is clearly not a criminal offense as defined under Ohio law (Section 2925.11[D], Ohio Revised Code), and, thus, persons who commit felony drug abuse/possession crimes in states other than Ohio which committed in the State of Ohio would constitute a minor misdemeanor offense and would not constitute a criminal record which would underpin an Indictment pursuant to Section2923.13(A)(3), Ohio Revised Code, are clearly treated differently with no rational or compelling state interest in doing so. Consequently, the undersigned concludes that in this case Robert H. Thomas, Jr. has not been provided with equal protection of the laws as guaranteed to him by the 14th Amendment to the United States Constitution and Article II, Section 26 of the Ohio Constitution and, thus, the Court is compelled to declare Section 2923.13(A)(3), Ohio Revised Code, unconstitutional as applied to this Defendant. (Original emphasis)
The statute at issue, R.C. 2923.13 states, in pertinent part: (A) Unless relieved from disability, . . . no person shall knowingly acquire, have, carry, or use any firearms or dangerous Ordinance, if any of the following apply: . . . (3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.
Ohio Revised Code 2925.01(G) defines a drug abuse offense as follows:
(G) "Drug abuse offense" means any of the following:
 (1) A violation of division (A) of section 2913.02 that constitutes theft of drugs, or a violation of section 2925.02, 2925.03, 2925.04, 2925.05, 2925.06, 2925.11, 2925.12, 2925.13, 2925.22, 2925.23, 2925.24, 2925.31, 2925.32, 2925.36, or 2925.37 of the Revised Code;
 (2) A violation of an existing or former law of this or any other state or of the United States that is substantially equivalent to any section listed in division (G)(1) of this section;
 (3) An offense under an existing or former law of this or any other state, or of the United States, of which planting, cultivating, harvesting, processing, making, manufacturing, producing, shipping, transporting, delivering, acquiring, possessing, storing, distributing, dispensing, selling, inducing another to use, administering to another, using, or otherwise dealing with a controlled substance is an element;
 (4) A conspiracy to commit, attempt to commit, or complicity in committing or attempting to commit any offense under division (G)(1), (2), or (3) of this section.
Statutes enjoy a strong presumption of constitutionality. State v. Brooks (1996), 75 Ohio St.3d 148, 155, 661 N.E.2d 1030. "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147. "[L]egislation being challenged will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt." Arnold v. Cleveland (1993),67 Ohio St.3d 35, 38-39, 616 N.E.2d 163. Accordingly, we will review appellant's assignment of error under this standard. There is no question that appellee was convicted of a felony drug possession charge in Arizona. However, appellee argues, as the trial court found, that because that felony drug abuse conviction for possession of marijuana in Arizona would have constituted a minor misdemeanor in Ohio, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prevents the use of the Arizona felony as an element in the charge of having a weapon under disability. Equal protection under the law requires that no person or class of persons shall be denied the protection afforded by laws to other persons or other classes in like circumstances. Nordlinger v. Hahn (1992), 505 U.S. 1, 112 S.Ct. 262,120 L.Ed.2d 1. The equal protection clause does not prevent classifications, rather it forbids laws which treats differently those persons who are in all relevant respects alike. Id. In determining whether a statute or ordinance violates the right to equal protection, a court must initially determine whether the class distinction involves a suspect class or fundamental right. Roseman v. Fireman and Policeman's Death Benefit Fund (1993), 66 Ohio St.3d 443, 447, 613 N.E.2d 574. "[A] suspect class is one `saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process.'" Massachusetts Bd. of Retirement v. Murgia (1976),427 U.S. 307, 313, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520, 525 (quoting San Antonio Indep. School Dist. v. Rodriguez (1973), 411 U.S. 1, 28,93 S.Ct. 1278, 1294, 36 L.Ed.2d 16, 40. Moreover, the only classifications recognized as "suspect" are those involving race, alienage, and ancestry. Id. at 312, 96 S.Ct. at 2566, 49 L.Ed.2d at 524, fn. 4. Persons convicted of drug abuse or possession offenses are not a suspect class. As to fundamental rights, in United States v. Miller (1939), 307 U.S. 174,178, 59 S.Ct. 816, 83 L.Ed 1206, the United States Supreme Court seemingly limited the application of one's right to keep and bear arms under the United States Constitution to instances in which there is a "reasonable relationship to the preservation or efficiency of a well regulated militia." See Arnold v. City of Cleveland (1993),67 Ohio St.3d 35, 39, 616 N.E.2d 163 ("The question as to whether individuals have a fundamental right to bear arms has, seemingly, been decided in the negative under the Second Amendment to the United States Constitution.") In the case sub judice, this court is presented with no argument or evidence, nor does the record reflect any evidence, that the weapon in this case has any relationship to the military or state militia. Therefore, the second amendment of the United States Constitution is not implicated. See State v. White (March 28, 1997), Marion App. No. 9-96-66, unreported, 1997 WL 180307. However, Section 4, Article I of the Ohio Constitution has been interpreted as granting to the citizens of Ohio the fundamental right to keep and bear arms. Arnold v. Cleveland, (1993) 67 Ohio St.3d 35, 46, 616, N.E.2d 163. This right, however, is not absolute and is subject to the limitations of police power. Id. Through its police power, a state has the authority to regulate, limit or prohibit constitutional guarantees. See, E.G. Mosher v. Dayton (1976), 48 Ohio St.2d 243, 248, 358 N.E.2d 540; State v. White, supra. The control of firearms has been specifically included within the ambient of police power. Arnold, 67 Ohio St.3d at 47; State v. Nieto (1920), 101 Ohio St. 409, 413-415, 130 N.E. 663. When reviewing an enactment made under police powers, the standard of review is as follows: [l]aws or ordinances passed by virtue of the police power which limit or abrogate constitutionally guaranteed rights must not be arbitrary, discriminatory, capricious or unreasonable and must bear a real and substantial relation to the object sought to be obtained, namely, the health, safety, morals, or general welfare of the public. Cincinnati v. Correll (1943), 141 Ohio St. 535, 539, 49 N.E.2d 412.
Thus, to be a valid exercise of police power, legislation which regulates or prohibits possession of firearms must be reasonable. Arnold, supra, at 47. Thus, the question presented in this assignment of error is whether R.C. 2923.13(A)(3) is a reasonable legislative action, promoting the public's health, safety, morals or general welfare. See State v. White, supra. We find this statute to be a reasonable legislative action, promoting the public's health, safety, morals or general welfare. The objective of this statute appears to be the protection of public safety by reducing the presence of firearms in drug trafficking and drug related crimes. A legitimate method of promoting public safety and attacking drug trafficking problems is to insure that firearms are kept out of the hands of drug abusers or potential drug abusers. In accord, State v. White, supra. The legislative policy behind this statute is to "allow firearm access to responsible citizens in responsible circumstances, while limiting such access to persons and situations wherein substantial harm to the public's safety and welfare will likely result." State v. White, supra. Therefore, we find that the statute bears a real and substantial relationship to the promotion of public safety. We must next consider whether the statute's treatment of appellee differently from those who commit the same offense in Ohio is arbitrary, discriminatory, capricious or unreasonable. While the offense in question may not be a felony or a "drug abuse offense" in Ohio under current laws, so as to underpin an indictment for possessing a weapon under disability, appellee committed an offense which was a felony drug abuse offense in the state in which the offense was committed. Appellee's conduct constituted a felony in the State of Arizona and yet he chose to commit the offense. On the other hand, the person who chose to commit this offense in Ohio, under the current laws, only chose to commit an offense characterized as a minor misdemeanor, indicating a lessor degree of mens rea. We find that we cannot say that the statute is arbitrary, discriminatory, capricious or unreasonable when it seeks to keep weapons out of the hands of persons who have chosen to commit a felony. In conclusion, upon consideration of our standard of review and the presumption of constitutionality extended to statutes, we find the statute is constitutional, as applied to appellee.
Appellant's sole assignment of error is sustained. The judgment of the Tuscarawas County Court of Common Pleas is hereby reversed and this case is remanded for further proceedings.
Edwards, J. and Wise, J. concur.
Gwin, P.J. concurs separately.