[Cite as *King v. Ohio Dept. of Job & Family Servs.*, 2019-Ohio-2989.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DERRICK MARTIN KING, et al.

    Appellant

    v.

OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES

    Appellee

C.A. No.     29198

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-09-3744

DECISION AND JOURNAL ENTRY

Dated: July 24, 2019

CARR, Judge.

**{¶1}** Appellant Derrick Martin King appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In early July 2017, Mr. King received notice from Summit County Department of Job and Family Services that his Disability Financial Assistance Program ("DFA") benefits were being terminated pursuant to the enactment of Am.Sub.H.B. No. 49, which repealed portions of the Ohio Revised Code that authorized the benefits. Specifically, section 812.40 of Am.Sub.H.B. No. 49 provides:

(A) The repeal of sections 5115.01, 5115.02, 5115.03, 5115.04, 5115.05, 5115.06, 5115.07, 5115.20, 5115.22, and 5115.23 and the amendment of sections 126.35, 131.23, 323.01, 323.32, 329.03, 329.051, 2151.43, 2151.49, 3111.04, 3113.06, 3113.07, 3119.05, 5101.16, 5101.17, 5101.18, 5101.181, 5101.184, 5101.26, 5101.27, 5101.28, 5101.33, 5101.35, 5101.36, 5117.10, 5123.01, 5168.02, 5168.09, 5168.14, 5168.26, 5502.13, 5709.64, and 5747.122 of the Revised Code take effect on December 31, 2017.

(B) Notwithstanding the provisions of Chapter 5115. of the Revised Code, on and after the effective date of this section and until December 31, 2017, all of the following apply to the Disability Financial Assistance Program:

(1) Beginning July 1, 2017, the Department of Job and Family Services shall not accept any new application for disability financial assistance.

(2) Before July 31, 2017, the Department shall notify the following individuals that benefits shall terminate on July 31, 2017:

(a) Recipients who have applications for Supplemental Security Income or Social Security Disability Insurance benefits pending before the federal Social Security Administration and who have received a denial of reconsideration from the Administration on or before July 1, 2017;

(b) Recipients who do not have applications for Supplemental Security Income or Social Security Disability Insurance benefits pending before the Social Security Administration and who have received from the Administration on or before July 1, 2017, an initial denial of benefits or denial of reconsideration.

(3) Beginning on July 1, 2017, and ending on October 1, 2017, the Department shall provide disability financial assistance benefits only to recipients who have not received a denial of reconsideration from the Social Security Administration.

(4) After October 1, 2017, the Department shall provide disability financial assistance benefits only to recipients who have applications for Supplemental Security Income or Social Security Disability Insurance benefits pending before the Social Security Administration and have not received a denial of reconsideration from the Administration.

(C) Until July 1, 2019, the Department, or the county department of job and family services at the request of the Department, may take any action described in former section 5115.23 of the Revised Code to recover erroneous payments, including instituting a civil action.

(D) Beginning December 31, 2017, the Executive Director of the Governor's Office of Health Transformation, in cooperation with the Directors of the Departments of Job and Family Services and Mental Health and Addiction Services, the Medicaid Director, and the Executive Director of the Opportunities for Ohioans with Disabilities Agency, shall ensure the establishment of a program to do both of the following:

(1) Refer adult Medicaid recipients who have been assessed to have health conditions to employment readiness or vocational rehabilitation services;

(2) Assist adult Medicaid recipients who have been assessed to have disabling health conditions to expedite applications for Supplemental Security Income or Social Security Disability Insurance benefits.

{¶3} Mr. King filed a request for a state hearing to appeal the determination. Mr. King submitted a written argument arguing that the repeal of Chapter 5115 of the Ohio Revised Code violated his constitutional rights to safety, due process, and equal protection under the law. The state hearing decision stated that, "[b]ased upon the testimony provided, the Appellant falls within the category of any DFA recipient who has a pending application for SSI or SSDI with the Social Security Administration, and who has ever received a denial of SSI or SSDI at the reconsideration appeal level on or before July 1, 2017. Therefore * * * termination of DFA eligibility for the Appellant is supported." Mr. King appealed that decision. The administrative appeal decision affirmed the decision of the state hearing decision. That decision was the final decision of Appellee Ohio Department of Job and Family Services ("ODJFS").

{¶4} Mr. King appealed the decision to the Summit County Court of Common Pleas. At the time of that appeal, Mr. King had a related action for declaratory judgment pending in another case. Mr. King filed a motion in the administrative appeal for the production of a transcript of the state hearing pursuant to R.C. 5101.35(E)(4), which ODJFS opposed because it alleged Mr. King did not meet the requirements set forth in the statute. Mr. King additionally filed a motion to supplement the record of the administrative appeal under Loc.R. 19.04 of the Court of Common Pleas of Summit County, General Division ("Summit Cty. Loc.R. 19.04"), which ODJFS opposed because ODJFS alleged the evidence failed to qualify as newly discovered evidence under R.C. 119.12(K). The lower court denied both motions.

{¶5}   While his administrative appeal was pending, Mr. King filed an action in prohibition with the Supreme Court seeking to prevent the lower court from conducting further proceedings while Mr. King's action for declaratory judgment was pending in another case.

{¶6}   In Mr. King's merit brief in the administrative appeal in the lower court, he argued that R.C. 119.12(K) and 5101.35(E)(4) and Summit Cty. Loc.R. 19.04 were unconstitutional as applied because they denied him meaningful access to the courts. Additionally, he raised several facial challenges to Am.Sub.H.B. No. 49, arguing that it violated his rights to safety, due process, and equal protection. Mr. King attached numerous documents to his brief which were referenced in his brief. ODJFS moved to strike the attachments and related references in the brief as the documents were not part of the record.

{¶7}   The lower court granted ODJFS' motion to strike and affirmed the decision of ODJFS. In so doing, the lower court relied, in part, on *Daugherty v. Wallace*, 87 Ohio App.3d 228 (2d Dist.1993), for the proposition that there is no fundamental right to receive welfare benefits and for the notion that Article I, Section 1 of the Ohio Constitution does not guarantee a minimal amount of safety to its citizens.

{¶8}   Mr. King has appealed, pro se, raising five assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT LACKED JURISDICTION TO ENTER A JUDGMENT
AS THERE WAS A RELATED CASE PENDING IN THE SUPREME COURT
OF OHIO WHICH WOULD ULTIMATELY AFFECT WHETHER OR NOT
THE JUDGE COULD PRESIDE OVER THE CASE.

{¶9}   Mr. King argues in his first assignment of error that the lower court lacked jurisdiction to enter judgment solely because he had filed a complaint for a writ of prohibition in the Supreme Court of Ohio.

{¶10} "[S]ubject matter jurisdiction cannot be waived and may be raised at any time[.] Generally, issues related to subject matter jurisdiction are reviewed de novo." (Internal quotations and citation omitted.) *Weber v. Devanney*, 9th Dist. Summit Nos. 28876, 28938, 2018-Ohio-4012, ¶ 11; *see also Galloway v. Firelands Local School Dist. Bd. of Edn.*, 9th Dist. Lorain No. 12CA010280, 2013-Ohio-4264, ¶ 6.

{¶11} Mr. King has not demonstrated that the lower court lacked subject matter jurisdiction. "[T]he filing of a complaint for an original action and/or an application for an alternative writ does not automatically stay the underlying action." *France v. Celebrezze*, 8th Dist. Cuyahoga No. 98147, 2012-Ohio-2072, ¶ 8. Absent the granting of a writ of prohibition, the lower court retained jurisdiction to determine its own jurisdiction and to proceed to judgment if it determined it possessed jurisdiction. *See id.* Thus, the mere filing of a complaint for a writ of prohibition did not deprive the lower court of jurisdiction.

{¶12} Mr. King's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

REVISED CODE SECTIONS 119.12(K), 5101.35(E)(4), AND SUMMIT CO. LOC. R. 19.04 ARE UNCONSTITUTIONAL AS APPLIED TO THIS ADMINISTRATIVE APPEAL IN THAT APPELLANT KING HAS MADE A FACIAL CHALLENGE TO THE CONSTITUTIONALITY OF THE STATE AGENCY ACTION AND THAT THE INCREASED BURDEN OF PROOF REQUIRED MEANS THAT A REFUSAL TO CONSIDER ALL RELEVANT EVIDENCE DENIES APPELLANT KING OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO MEANINGFUL ACCESS TO THE COURTS AS GUARANTEED BY THE FIRST AMENDMENT TO THE US. CONSTITUTION AND ARTICLE I [] SECTION 16 OF THE OHIO CONSTITUTION. [SIC.]

{¶13} Mr. King argues in his second assignment of error that R.C. 119.12(K) and 5101.35(E)(4), as well as Summit Cty. Loc.R. 19.04, are unconstitutional as applied because they denied Mr. King's right to meaningful access to the courts.

{¶14} An administrative agency has no authority to declare a legislative enactment unconstitutional. *See Reading v. Pub. Util. Comm.*, 109 Ohio St.3d 193, 2006-Ohio-2181, ¶ 14. Nonetheless, "facial and as-applied constitutional challenges can be raised on further appeal from an administrative agency to a court." *State ex rel. Kingsley v. State Emp. Relations Bd.*, 130 Ohio St.3d 333, 2011-Ohio-5519, ¶ 18. However, generally an as-applied challenge must be first raised at the agency level in order to allow for development of the factual record. *See Reading* at ¶ 14-16; *see also Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, ¶ 22 ("Because an as-applied challenge depends upon a particular set of facts, this type of constitutional challenge to a rule must be raised before the administrative agency to develop the necessary factual record.").

{¶15} While Mr. King raised these arguments in the lower court, nothing in the record suggests he raised them before the administrative agency. Moreover, Mr. King has not explained why the rule outlined in *Reading* would not apply to the facts of his case. *See* App.R. 16(A)(7). Mr. King's argument is overruled based on the foregoing.

{¶16} Mr. King's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN RELYING UPON THE CASE OF DAUGHTERY V. WALLACE, 87 OHIO APP.3D 228; 621 N.E.2D 1374 (2ND DIST. 1993) TO CONCLUDE THAT THE ELIMINATION OF THE DFA PROGRAM AS ENACTED BY SECTION 105.01 OF 2017 AM. SUB. H.B. NO. 49 DID NOT VIOLATE APPELLANT KING'S CONSTITUTIONAL RIGHT TO SAFETY UNDER ARTICLE 1 SECTION 1 OF THE OHIO CONSTITUTION. [SIC.]

## ASSIGNMENT OF ERROR IV

THE ELIMINATION OF THE DFA PROGRAM AS ENACTED BY SECTION 105.01 OF 2017 AM. SUB. H.B. NO 49 IS UNCONSTITUTIONAL AS A VIOLATION OF APPELLANT KING'S RIGHT TO SAFETY UNDER ARTICLE I SECTION 1 OF THE OHIO CONSTITUTION. [SIC.]

**{¶17}** Mr. King argues in his third assignment of error that the trial court erred in relying on *Daugherty*, 87 Ohio App.3d at 232-239, for the proposition that Am.Sub.H.B. No. 49 did not violate his constitutional right to safety. Specifically, Mr. King argues that, unlike the benefits in *Daugherty,* his benefits were not "welfare benefit[s.]" Thus, he maintains *Daugherty* is inapplicable. Mr. King argues in his fourth assignment of error that the enactment of the foregoing bill violated his constitutional right to safety. Essentially, Mr. King seems to argue that the state had a duty to continue providing him benefits and the failure to do so violated his right to safety. Mr. King maintains that his challenge is a facial challenge.

**{¶18}** A facial challenge need not be first raised in an administrative agency proceeding. *See Reading*, 2006-Ohio-2181, ¶ 16. This is so because "[e]xtrinsic facts are not needed to determine whether a statute is unconstitutional on its face." *Id.* at 15.

> A facial challenge alleges that a statute, ordinance, or administrative rule, on its face and under all circumstances, has no rational relationship to a legitimate governmental purpose. Facial challenges to the constitutionality of a statute are the most difficult to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid. If a statute is unconstitutional on its face, the statute may not be enforced under any circumstances. When determining whether a law is facially invalid, a court must be careful not to exceed the statute's actual language and speculate about hypothetical or imaginary cases. Reference to extrinsic facts is not required to resolve a facial challenge.

(Internal citations omitted.) *Wymsylo*, 2012-Ohio-2187, at ¶ 21.

**{¶19}** Mr. King challenges the legislative enactment that eliminated his DFA benefits. He asserts that the elimination of the program violates his constitutional right to safety. *See* Ohio Constitution, Article I, Section 1.

**{¶20}** Section 1, Article I of the Ohio Constitution provides that "[a]ll men are, by nature, free and independent, and have certain inalienable rights, among which are those of

enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."

**{¶21}** Irrespective of whether this Court agrees with the trial court's categorization of Mr. King's benefits as welfare benefits, this Court does agree the language in *Daugherty* is applicable to the facts of this case.

**{¶22}** *Daugherty* analyzed the language in the provision of the Ohio Constitution at issue and concluded that the clause provides that "an individual has an inalienable right to seek and obtain happiness and safety without undue state interference, but the Ohio Constitution clearly places no obligation upon the state to provide that happiness and safety." *Daugherty*, 87 Ohio App.3d at 235. "To conclude that the conjunctive clauses in Section 1, Article I create constitutional obligations would potentially thrust upon the back of state government the affirmative duty and responsibility for providing for practically every aspect of its citizens' lives." *Id.* "Were we to so interpret these clauses, we would be forced to recognize that the state is responsible for providing for each citizen minimal enjoyment of life, acquisition of minimal property, and obtainment of minimal happiness, as well as a minimal amount of safety. Obviously, such an interpretation of the constitutional language would be untenable." *Id.*

**{¶23}** We agree, that, instead, "the language of Section 1, Article I must be interpreted as a guarantee of rights." *Id.* "The entire clause, when read as a whole, must be interpreted to place a restriction on the exercise of governmental powers and not to bestow affirmative obligations on the state." *Id.* "The state is restricted by the clause from wholly interfering with a citizen's inalienable right to pursue and enjoy life and liberty, to acquire and possess and protect his property, and to seek and obtain happiness and safety, but has no affirmative duty to provide for the exercise of these inalienable rights." *Id.*

{¶24} Given those contours, Mr. King has not explained how the elimination of the DFA benefit program constituted a violation of his right to safety. *See* App.R. 16(A)(7).

{¶25} Mr. King's third and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR V

THE ELIMINATION OF THE DFA PROGRAM AS ENACTED BY SECTION 105.01 OF 2017 AM. SUB. H.B. NO. 49 VIOLATES APPELLANT KING'S RIGHT TO EQUAL PROTECTION AND DUE PROCESS UNDER SECTION 1 OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION. [SIC.]

{¶26} Mr. King argues in his fifth assignment of error that the elimination of the DFA benefit program violated his right to equal protection. Specifically, he maintains that the classifications under section 812.40 of Am.Sub.H.B. No. 49 violate the Equal Protection Clauses of the United States and Ohio Constitutions. He contends that he is raising a facial challenge. While Mr. King mentions the Due Process Clause in his assignment of error, he has developed no argument that his due process rights were violated. *See* App.R. 16(A)(7). Accordingly, this Court will not further address his due process challenge.

{¶27} "The mere fact that a statute discriminates does not mean that the statute must be unconstitutional." *Roseman v. Firemen & Policemen's Death Benefit Fund*, 66 Ohio St.3d 443, 446 (1993). "In determining whether a statute is unconstitutional because it violates the right to equal protection, we first must examine the class distinction drawn to decide if a suspect class or a fundamental right is involved. If no suspect class or fundamental right is involved, the classification will be subject to a 'rational basis' level of scrutiny." *Id.* at 447.

{¶28} The relevant portion of section 812.40 of Am.Sub.H.B. No. 49 provides:

(A) The repeal of sections 5115.01, 5115.02, 5115.03, 5115.04, 5115.05, 5115.06, 5115.07, 5115.20, 5115.22, and 5115.23 and the amendment of sections 126.35, 131.23, 323.01, 323.32, 329.03, 329.051, 2151.43, 2151.49, 3111.04, 3113.06,

3113.07, 3119.05, 5101.16, 5101.17, 5101.18, 5101.181, 5101.184, 5101.26, 5101.27, 5101.28, 5101.33, 5101.35, 5101.36, 5117.10, 5123.01, 5168.02, 5168.09, 5168.14, 5168.26, 5502.13, 5709.64, and 5747.122 of the Revised Code take effect on December 31, 2017.

(B) Notwithstanding the provisions of Chapter 5115. of the Revised Code, on and after the effective date of this section and until December 31, 2017, all of the following apply to the Disability Financial Assistance Program:

(1) Beginning July 1, 2017, the Department of Job and Family Services shall not accept any new application for disability financial assistance.

(2) Before July 31, 2017, the Department shall notify the following individuals that benefits shall terminate on July 31, 2017:

(a) Recipients who have applications for Supplemental Security Income or Social Security Disability Insurance benefits pending before the federal Social Security Administration and who have received a denial of reconsideration from the Administration on or before July 1, 2017;

(b) Recipients who do not have applications for Supplemental Security Income or Social Security Disability Insurance benefits pending before the Social Security Administration and who have received from the Administration on or before July 1, 2017, an initial denial of benefits or denial of reconsideration.

(3) Beginning on July 1, 2017, and ending on October 1, 2017, the Department shall provide disability financial assistance benefits only to recipients who have not received a denial of reconsideration from the Social Security Administration.

(4) After October 1, 2017, the Department shall provide disability financial assistance benefits only to recipients who have applications for Supplemental Security Income or Social Security Disability Insurance benefits pending before the Social Security Administration and have not received a denial of reconsideration from the Administration.

{¶29} Mr. King argues that the classifications created should be subject to a higher level of scrutiny because they involve "disabled persons[.]" He argues under either strict or intermediate scrutiny the enactment would be unconstitutional. However, the classifications created by the enactment do not differentiate between people based upon disability. Instead, essentially the enactment outlines the timing of when a person's DFA benefits will terminate based primarily upon the status of the person's application for federal benefits.

**{¶30}** The United States Supreme Court has stated that, "[i]n the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some reasonable basis, it does not offend the Constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality." (Internal quotations omitted.) *Dandridge v. Williams*, 397 U.S. 471, 485 (1970); *Richardson v. Belcher*, 404 U.S. 78, 81 (1971), citing *Dandridge* at 487. "It is enough that the State's action be rationally based and free from invidious discrimination." *Dandridge* at 487; *see also Roseman*, 66 Ohio St.3d at 445, fn. 1 (noting that the federal and Ohio Equal Protection Clauses place "essentially the same limitations on governmental action").

**{¶31}** Mr. King has developed no argument that the enactment at issue would not pass a rational basis review. *See* App.R. 16(A)(7); *see also Daugherty*, 87 Ohio App.3d at 244 (concluding that allocating scarce resources to those most in need while attempting to balance the budget is a legitimate state objective). Thus, Mr. King has not met his burden to demonstrate error on appeal.

**{¶32}** Mr. King's fifth assignment of error is overruled.

III.

**{¶33}** Mr. King's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

DERRICK MARTIN KING, pro se, Appellant.

DAVE YOST, Attorney General, and THERESA R. DIRISAMER, Assistant Attorney General, for Appellee.