[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 62.]

THE STATE EX REL. SOLOMON, APPELLANT, *v.* BOARD OF TRUSTEES OF THE POLICE AND FIREMEN'S DISABILITY AND PENSION FUND, APPELLEE.

[Cite as *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 1995-Ohio-172.]

*Police and Firemen's Disability and Pension Fund—Benefit and pension payments—Single annuity plan selected by widower—Application to cancel single annuity plan and reselect a joint and survivor annuity plan after post-retirement marriage—Application voided by applicant's death prior to the effective date of his reselection.*

(No. 94-2217—Submitted March 7, 1995—Decided April 19, 1995.]

APPEAL from the Court of Appeals for Franklin County, No. 94APD04-463.

—————————

{¶ 1} Assad E. Solomon was employed as a police officer for the city of Cleveland for over twenty-four years. Mr. Solomon applied for disability retirement benefits in 1979. At that time, he was a widower. In April 1980, appellee, Board of Trustees of the Police and Firemen's Disability and Pension Fund ("board"), granted Mr. Solomon permanent total disability benefits pursuant to R.C. 742.37(C)(2). Mr. Solomon elected to receive a single annuity retirement allowance in the adjusted monthly amount of $1,424.82.

{¶ 2} On May 31, 1991, Mr. Solomon married appellant, Patricia E. Solomon. On June 7, 1991, the board received a completed form from Mr. Solomon to add his wife as a dependent so that she could receive health care benefits. On July 31, 1991, Mr. Solomon completed and executed an application to cancel his single annuity plan and reselect a joint and survivor annuity plan naming Mrs. Solomon as beneficiary. The application included the following language:

"SECTION II- Explanation of Rights

"*** [Y]ou may, upon your post-retirement marriage, cancel the plan under which you are currently being paid and reselect a joint and survivor annuity plan naming your current spouse as beneficiary. *** The change in your monthly allowance will be effective the first day of the month following the month in which your application is received.

"SECTION III- Recision of Current Plan and Selection of Joint and Survivor Annuity Plan

"***

"I agree to accept a reduced monthly allowance so that upon my prior death *Patricia Solomon* whom I hereby nominate as beneficiary *** will be entitled to receive a lifetime monthly allowance equal to *50 %* *** of my reduced monthly allowance ***."

**{¶ 3}** This application was received by the board on August 2, 1991. On August 8, 1991, Mr. Solomon died of colon cancer, which he had been suffering from for two years. On September 1, 1991, the board issued a check to Mr. Solomon in the reduced monthly amount of $1,157.21, which was electronically deposited in his account. Upon being informed that Mr. Solomon had died prior to September 1, the board recovered the deposit.

**{¶ 4}** By letter dated October 2, 1991, an administrator advised Mrs. Solomon that Mr. Solomon's application for the joint and survivor annuity plan was voided by his death prior to the effective date of his reselection. In March 1993, the board upheld the administrative determination that the application was invalid "because Mr. Solomon died before the first of the month following the date the application was received." The board subsequently affirmed its decision and advised Mrs. Solomon that her administrative remedies were exhausted.

**{¶ 5}** On April 1, 1994, Mrs. Solomon commenced an action in the Court of Appeals for Franklin County seeking a writ of mandamus compelling the board

to honor Mr. Solomon's application and to pay her accumulated and continuing joint and survivor retirement benefits. After the parties filed evidence and briefs, the court of appeals denied the writ.

{¶ 6} The cause is now before this court upon an appeal as of right.

───────────────

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, Marc J. Jaffy* and *Sue Fauber*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Daniel A. Malkoff*, Assistant Attorney General, for appellee.

───────────────

*Per Curiam.*

{¶ 7} Mrs. Solomon asserts in her first proposition of law that when a retiree reselects a joint and survivor annuity plan and the election is filed with the board, the reselection is not voided by the death of the retiree before payments under the new plan commence, and the surviving spouse is entitled to receive benefits. In order to be entitled to a writ of mandamus, Mrs. Solomon must establish (1) that she has a clear legal right to accumulated and continuing joint and survivor retirement benefits, (2) that the board has a corresponding clear legal duty to provide these benefits, and (3) that she possesses no adequate remedy in the ordinary course of law. *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, 326. On appeal, we review the judgment of the court of appeals to determine if it abused its discretion in denying the requested writ of mandamus. *State ex rel. Hipp v. N. Canton* (1994), 70 Ohio St.3d 102, 103, 637 N.E.2d 317, 318. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs.* (1994), 70 Ohio St.3d 94, 97, 637 N.E.2d 311, 314.

**{¶ 8}** The Police and Firemen's Disability and Pension Fund ("fund") is an organization created by R.C. 742.02 to provide disability benefits and pensions to members of the fund and their surviving spouses, children, and dependent parents. *Police & Fire Retirees of Ohio, Inc. v. Police & Firemen's Disability & Pension Fund* (1985), 18 Ohio St.3d 231, 18 OBR 289, 480 N.E.2d 482. The administration, control, and management of the fund is vested in the board. R.C. 742.03(B). R.C. 742.3711(A) provides that upon application for retirement, "a member of the fund may elect to receive a retirement allowance payable throughout his life, or he may elect, on a form provided by the board, to receive the actuarial equivalent of his retirement allowance in a lesser amount payable for his life and continuing after his death to a surviving designated beneficiary" under one of the specified optional plans. Mr. Solomon, widowed at the time of his retirement, elected to receive a single annuity retirement allowance under R.C. 742.3711(A) rather than a lesser amount so that a surviving beneficiary could receive benefits following his death.

**{¶ 9}** R.C. 742.3711(C) provides:

"Following marriage or remarriage, a member of the fund may elect a *new optional plan of payment* based on the actuarial equivalent of his single lifetime benefit as determined by the board. *The plan shall become effective the first day of the month following an application of a form approved by the board*." (Emphasis added.)

**{¶ 10}** In construing a statute, a court's paramount concern is the legislative intent. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1323. "In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." *Id.* at 594-595, 589 N.E.2d at 1323. Words used in a statute must be taken in their usual, normal or customary meaning. R.C. 1.42.

**{¶ 11}** R.C. 742.3711(C) specifies that the reselected plan becomes "effective the first day of the month following an application of a form approved by the board." The first day of the month in which the board receives the election

is the date on which the new plan takes effect or becomes operative. See Black's Law Dictionary (6 Ed.1990) 515, defining "effective date." The new plan encompasses the designation of a beneficiary as well as the reduction of the monthly benefit amount.

{¶ 12} Mrs. Solomon contends that R.C. 742.3711(C) provides that the post-retirement reselection is effective when received by the board and that only the effectiveness of the payment under the new plan is delayed until the first day of the month following receipt by the board of the reselection. Mrs. Solomon thus concludes that although her husband died prior to the first day of the month following receipt of his reselection application, the new plan, with the sole exception of the payment provision, was effective immediately upon receipt by the board. However, Mrs. Solomon's interpretation of R.C. 742.3711(C) contravenes its plain language that the "plan" and not merely payment under the plan is ineffective until the first day of the following month. It is the duty of the court to give effect to the words used and not to insert words not used. *State ex rel. Richard v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 412, 632 N.E.2d 1292, 1295.

{¶ 13} As the court of appeals held in its opinion:

"Relator's contentions directly contradict the language of the applicable statute and rule. According to those provisions, the application is not effective when received; it is effective on the first day of the month following the application. Because Mr. Solomon died prior to the effective date of his application requesting a change from the single annuity benefits to a joint and survivor payment plan, his single annuity plan remained in effect at the time of his death. *** Mr. Solomon having no right to receive funds at the time his application for [a] joint and survivor payment plan became effective, the request under that plan lapsed. Thus, relator is not entitled to benefits under the application filed August 2, 1991."

{¶ 14} Ambiguous statutory provisions must be construed liberally in favor of the interests of the public employees and their dependents that the pension statutes were designed to protect. *State ex rel. Teamsters Local Union 377 v. Youngstown* (1977), 50 Ohio St.2d 200, 205, 4 O.O.3d 387, 390, 364 N.E.2d 18, 21. While Mrs. Solomon contends that liberal construction of R.C. 742.3711(C) supports her assertion that her husband's death did not vitiate the effectiveness of the reselected retirement plan, "[t]here is no need to liberally construe a statute whose meaning is unequivocal and definite." *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 525, 634 N.E.2d 611, 614. As the court of appeals concluded, the meaning of R.C. 742.3711(C) is unambiguous.

{¶ 15} Ohio Adm. Code 742-3-07 provides:

"(B) The selection of an optional plan of payment and nomination of a beneficiary must be on a form approved by the board of trustees. Prior to the effective date, an unmarried member is entitled only to payment of a single life annuity. ***

"Upon the effective date, the choice of a plan of payment and a beneficiary are [sic] irrevocable, and may be changed only for the conditions stated in law and described below.

"(C) The selection of an optional plan of payment and the nomination of a beneficiary become effective:

"***

"(2) In the case of a plan reselection following marriage or remarriage, on the first of the month following the month in which the application for reselection is received by the police and firemen's disability and pension fund[.]"

{¶ 16} Like R.C. 742.3711(C), the foregoing rule makes clear that the reselected plan, which includes the nomination of a new beneficiary, does not become effective until the following month. Ohio Adm. Code 742-3-07 is consistent with R.C. 742.3711(C). According the proper deference to the board's

6

interpretation of its own rule, it is clear that the rule does not conflict with R.C. 742.3711(C), nor is it unreasonable. See *State ex rel. Celebrezze v. Natl. Lime & Stone Co.* (1994), 68 Ohio St.3d 377, 382, 627 N.E.2d 538, 542.

{¶ 17} When Mr. Solomon died, his reselected plan, including his nomination of his wife as beneficiary, was not effective. At that time, his single life annuity was in effect and his right to retirement benefits in the fund terminated. Therefore, Mrs. Solomon was not entitled to retirement benefits based upon R.C. 742.3711(C) and Ohio Adm. Code 742-3-07(C)(2). Mrs. Solomon's first proposition is without merit.

{¶ 18} In her second proposition of law, Mrs. Solomon asserts that the board's interpretation of R.C. 742.3711(C) violates equal protection. Since no suspect class or fundamental right is involved, the statutory classification will not violate the Equal Protection Clauses of the United States and Ohio Constitutions if it bears a rational relationship to a legitimate governmental interest, and the statute must be upheld unless the classification is irrelevant to achievement of the state's purpose. *Roseman v. Firemen & Policemen's Death Benefit Fund* (1993), 66 Ohio St.3d 443, 447, 613 N.E.2d 574, 577.

{¶ 19} Mrs. Solomon initially contends that R.C. 742.3711(C) violates equal protection since if the board had received her husband's reselection application a mere two days earlier, she would have been entitled to benefits. As noted by the board, the delay in effectiveness of the reselected plan is justified by the need to avoid administrative problems which might result if the new plan, including the reduced monthly payments, was made effective on the date the application is received. Under Mrs. Solomon's interpretation, the board in many cases would be forced to recalculate that month's benefit amount after a check had already been issued and then either retrieve the excess from the retiree or retrieve the check and issue a new one.

**{¶ 20}** Further, as Mr. Solomon conceded in his application to reselect a joint and survivor annuity plan, his election of that plan was tied to his agreement to accept a reduced monthly allowance, a reduction clearly intended to fund the future payments to his wife if he predeceased her. Finally, R.C. 742.3711(C) and Ohio Adm. Code 742-3-07(C)(2) appear to prevent some death-bed reselections for retirees who marry after receiving the higher single life annuity benefits for years. The preservation of state money is a legitimate state purpose that can supply a rationale for creating a classification. *Roseman, supra*, 66 Ohio St.3d at 450, 613 N.E.2d at 579.

**{¶ 21}** Although the laws might result in some inequality in the rare situation raised by Mrs. Solomon, that alone does not justify holding the classification to be unconstitutional, where R.C. 742.3711(C) and Ohio Adm. Code 742-3-07(C)(2) rationally further legitimate state interests.

**{¶ 22}** Mrs. Solomon additionally contends that the statute violates equal protection, since Ohio Adm. Code 742-3-07(H) provides differently for initial retirement benefit applications. The rule provides that if a member of the fund dies while an initial application for retirement is pending, and if the board ultimately approves the application, the surviving beneficiary designated by the decedent in the application will receive benefits under the optional plan selected. However, as the court of appeals specified, Mr. Solomon had the opportunity to initially select a plan, and he received the higher single life annuity benefits for over ten years. His reselection based on post-retirement remarriage was not an initial selection. He was not situated similarly to those retirees making an initial selection of a retirement plan. Since a set of facts may reasonably be conceived to justify classifications created by R.C. 742.3711(C) and Ohio Adm. Code 742-3-07(C)(2), there is no equal protection violation. *Id.*, 66 Ohio St.3d at 450, 613 N.E.2d at 579. Mrs. Solomon's second proposition is meritless.

{¶ 23} The court of appeals did not err in denying the complaint for a writ of mandamus since, Mrs. Solomon was not entitled to benefits under the applicable statute and rule.  Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____