JENKINS, Appellant,

v.

CITY OF GALLIPOLIS et al., Appellees.

[Cite as *Jenkins v. Gallipolis* (1999), 135 Ohio App.3d 611.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 99 CA 3.

Decided Nov. 16, 1999.

*William N. Eachus* and *Jeffrey L. Finley,* for appellant.

*Douglas M. Cowles,* for appellee city of Gallipolis.

*Smith & Hale* and *Glen A. Dugger,* for appellee JDN Development Co., Inc.

*Per Curiam.*

This is an appeal from a Gallia County Common Pleas Court judgment dismissing an administrative appeal by R. William Jenkins, plaintiff below and appellant herein, from a decision by the Gallipolis City Planning Commission granting an application for "conditional use" to build a Wal–Mart store in the City of Gallipolis, Ohio. The following error is assigned for our review:

"The trial court erred as a matter of law and abused its discretion in holding that the plaintiff–appellant lacked standing to challenge the decision of the Gallipolis Planning Commission in an administrative appeal pursuant to O.R.C. Section 2506.01 *et seq.,* and by again comparing the harm suffered by the plaintiff–appellant only to that of other owners of property on Eastern Avenue, and not to the community at large."

A brief summary of the facts pertinent to this appeal is as follows.[1] In November 1996, defendant-appellee JDN Development Company, Inc. ("JDN") joined[2] in an application to the Gallipolis City Planning Commission ("the planning commission") asking for a grant of "conditional use" to build a Wal–Mart store on real estate located along Eastern Avenue in Gallipolis, Ohio.

---

1. Additional facts, as well as a more detailed analysis of some of the underlying legal issues herein, can be found in our previous decision in this case. See *Jenkins v. Gallipolis* (1998), 128 Ohio App.3d 376, 715 N.E.2d 196.

2. The other applicants were Jay and Marlene Hall, who actually owned the property in question. The Halls later sold this land to JDN and, thus, no longer participate in these proceedings.

Appellant is a partner in the "Cornett–Jenkins" partnership that owns land roughly one-half mile from the store's proposed location. Concerned about the effect that a new store might have on his existing commercial interests in the area, appellant went before the planning commission and opposed the request for conditional use. The application was, nevertheless, granted in the spring of 1997.

Appellant commenced the action below on May 14, 1997, as an administrative appeal from the decision of the planning commission. Both the planning commission and JDN eventually moved to dismiss the proceeding on grounds that appellant lacked standing to bring an appeal. At the September 4, 1997 hearing in the court of common pleas, each side presented additional evidence concerning the standing issue. The trial court subsequently held that whatever harm appellant would suffer as a result of the grant of conditional use, that harm was not shown to be unique unto himself, as opposed to "affect[ing] all [other] commercial properties on or near Eastern Avenue." Thus, the court concluded, appellant lacked standing to bring an administrative appeal and the court dismissed the proceeding.

In *Jenkins v. Gallipolis*, 128 Ohio App.3d 376, 715 N.E.2d 196 (*"Jenkins I"*), we reversed that judgment in part and held that the trial court had selected the wrong comparison group by which to evaluate any harm suffered by appellant. We held that the pertinent comparison group is the community at large rather than other property owners along Eastern Avenue in Gallipolis, and that the trial court erred by using the wrong comparison group. Thus, we remanded the case for further consideration with respect to the proper comparison group.

On February 5, 1999, the trial court, after remand, issued its decision. The trial court reached the same conclusion as before and held that appellant lacked standing to prosecute an appeal from the planning commission. The court based this decision on a precatory finding that appellant did not prove any unique harm to his property interests "vis-a-vis the Gallipolis Community at large." In so ruling, the court defined the "Gallipolis Community at Large" as essentially being the property owners along Eastern Avenue. The court reasoned that this thoroughfare represented the sole "commercial artery" for Gallipolis and, thus, constituted a large portion of the community at large. The court thus determined that appellant lacked standing and dismissed his appeal for the second time.

The error assigned for our review posits that, by defining the Gallipolis community at large as only those property owners along Eastern Avenue, the trial court essentially ignored our directive in *Jenkins I* and again selected the wrong comparison group by which to determine standing. Appellant argues that this court should again reverse that judgment and remand this cause for further proceedings with respect to the proper comparison group. We disagree.

The gist of our holding in *Jenkins I* was that appellant had standing to appeal from the decision of the planning commission if he could show (1) injury or harm from the grant of the conditional use permit and (2) that injury or harm was unique unto himself, as opposed to that suffered generally by the community at large. The trial court's 1997 decision and judgment never expressly addressed the first of these questions and we declined to address that issue, or weigh the evidence, in our decision in *Jenkins I*. See 128 Ohio App.3d at 384, 715 N.E.2d at 201. However, at this juncture, we believe that the dispositive issue is whether appellant suffered injury or harm and, thus, do not reach the question of whether the trial court considered the proper comparison group.

■ The trial court, after citing testimony given by expert appraisers for both sides, concluded that appellant failed to carry his burden of proving any "unique harm." This conclusion is amply supported by the record. John Garvin, the President of Continental Appraisal Company, testified that the increased Eastern Avenue traffic would have no unique effect on the partnership properties in which appellant had an interest. Moreover, Garvin agreed that, in all likelihood, the increased traffic caused by the construction of a Wal–Mart store would have a positive impact on the neighborhood.

■ Generally, parties lack standing to appeal zoning changes if those changes are found to be of benefit to them. See Meck & Pearlman, Ohio Planning and Zoning Law (1999 Ed.) 602, Section 14.5; *Jenkins I*, 128 Ohio App.3d at 382–383, 715 N.E.2d at 200; *Richards v. Marlboro Twp. Bd. Of Zoning Appeals* (Oct. 25, 1983), Stark App. No. CA6024, unreported, 1983 WL 7116. In the instant case, testimony was adduced to the contrary but, as we noted in *Jenkins I*, the decision of how much weight to afford that evidence lies solely with the trial court in administrative appeals taken pursuant to R.C. Chapter 2506. *Id.*, 128 Ohio App.3d at 384, 715 N.E.2d at 201. The trial court apparently afforded more weight to Garvin's testimony than it did not those opposing the grant of conditional use. Appellant does not challenge that decision and we find no error therein.[3]

---

**3.** We also note that the trial court's judgment is further buttressed by its 1997 decision wherein it concluded that the testimony of appellant's expert was (1) "speculative in nature," (2) "contradicted" by the opinion of Garvin, and (3) essentially confirmed that any harm suffered by appellant would be no different from the harm suffered by "all businesses on or near Eastern Avenue" (thereby refuting any contention that such harm would be unique unto appellant). It is clear to us, both from the trial court's 1997 decision as well as its 1999 decision on appeal herein, that the trial court found no harm in granting the conditional use, let alone "unique" harm. This was a factual inquiry on the part of the court and we are not permitted to second-guess its conclusions during these proceedings.

Our task on appeal is simply to determine whether the trial court abused its discretion in applying the law to the facts of this case. See *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 30, 465 N.E.2d 848, 852, fn. 4. An abuse of discretion is defined as being more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. See, *e.g., Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140, 1142; *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242, 1249; *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 64, 647 N.E.2d 486, 488. It means that the result is "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3. This is a difficult standard to meet and appellate courts are admonished that they should not merely substitute their own judgment on these matters for that of the trial court. See *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254, 1258; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181, 1184; *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308. That being said, appellant has not persuaded us that the trial court abused its discretion in determining that he suffered no injury resulting from the grant of conditional use. Therefore, it logically follows that the trial court did not err in this subsequent dismissal for lack of standing.

Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment.

*Judgment affirmed.*

KLINE, P.J., and PETER B. ABELE, J., concur.

HARSHA, J., concurs in judgment only.