DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court, Probate Division, judgment. The court appointed Raymond Hodge, applicant below and appellee herein, guardian over the person and estate of his mother, Blanch Hodge, an alleged incompetent. Phyllis Buckler, Michael Hodge and Gary Hodge, three of the ward's other children and appellants herein, assign the following errors for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF APPELLANTS IN THAT IT GRANTED JUDGMENT IN FAVOR OF THE APPELLEE, WITHOUT TAKING ALL OF THE EVIDENCE INTO CONSIDERATION, AND BY MAKING MISTAKES OF FACT."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF APPELLANTS IN THAT IT APPOINTED APPELLEE AS GUARDIAN, AND THE EVIDENCE SHOWS THAT APPELLEE IS AN UNSUITABLE PERSON."
Our review of the record reveals the following facts pertinent to this appeal. Ms. Hodge is an elderly women diagnosed by her physician as suffering from "organic brain syndrome." This condition has been characterized as causing "gradual deterioration in her mental function" leading to her inability to care for her house, keep herself clean or properly take her prescribed medication. On November 24, 1998, appellee (Ms. Hodge's son) filed an application to have the court appoint him as his mother's guardian.[1] Three of Ms. Hodge's other children, Phyllis Buckler, Michael Hodge and Gary Hodge (appellants), filed objections to their brother's application, although none of them filed a written request to be appointed as guardian.
The matter first came on for hearing on May 11, 1999, but was continued when Ms. Hodge asked for appointment of counsel to represent her interests. A second hearing was held on January 25, 2000, at which time the children all stipulated that their mother was in "need" of a guardianship. The only question was who would serve as her guardian. Although none of Ms. Hodge's other children had filed a written application, Phyllis Buckler made an oral motion to be considered for appointment as guardian instead of her brother. The Probate Court granted her motion stating it would "consider any appropriate person for the role of guardian."
As the hearing progressed, it became clear that the parties did not get along with one another. Phyllis Buckler testified that she had life-long problems with her older brother (appellee) because he always tried to "boss" her around. Gary Hodge confirmed that "nobody" in the family could get along with his brother Raymond. Insofar as the care of their mother was concerned, appellee testified that either he or his wife were home all day with Ms. Hodge during the time that she stayed with them. He further related that, if appointed as her guardian, he would arrange his job as a truck driver so that he could "broker freight" from an office in his house and be home with her every day.
By contrast, Ms. Buckler works outside the home. This would obviously leave her mother without supervision. Ms. Buckler also testified that she did not believe that her mother was incompetent or needed a guardian. Evidence adduced below also revealed that during the time appellant had temporary emergency guardianship over his mother, Ms. Buckler had taken their mother from his home without her brother's permission. This, as well as other examples of "poor judgment," prompted Ms. Hodge's guardianad litem to opine that he thought Ms. Buckler had "disqualified herself as being guardian of her mother."
The trial court took the matter under advisement and, on July 7, 2000, entered judgment and appointed appellee as his mother's guardian. First, notwithstanding the stipulation, the Court reviewed all of the investigators' reports and medical evaluations, as well as testimony given by Ms. Hodge. The court found that Ms. Hodge was incompetent and "in need of a guardianship to protect and provide for her." Second, as to the issue of who should serve as guardian, the Court noted that appellee was the only formal written applicant. The Court acknowledged that Ms. Buckler had said that she was willing to serve as guardian, but was concerned that Ms. Buckler "never bothered to make application to serve" in that capacity. Further, the Court expressed concern that Ms. Buckler did not agree that her mother was incompetent and "did not support the concept of the necessity of a guardianship." The Court thus concluded that appellee was the appropriate person to serve as guardian for the person and for the estate of his mother, Blanche Hodge. This appeal followed.
 I
Appellants first assignment of error is directed at that portion of the trial court's judgment which states that appellee was "the only applicant before the court." Appellants argue that this directly contradicts the Court's decision at the outset of the hearing to consider Ms. Buckler as a potential guardian for Ms. Hodge. We disagree.
We note that the phrase cited by appellants must be read in context with the trial court's entire judgment entry. Elsewhere therein, the court states:
 "Ms. Buckler, who has said she would be willing to serve as guardian, has never bothered to make application to serve as guardian. * * * The court's choices are between one person who supports the idea that a guardianship is necessary and another person who believes that a guardianship is not necessary. Given that choice, the court finds that the applicant, Mr. Raymond Hodge, is a fit and appropriate person to serve as guardian . . ." (Emphasis added.)
The trial court's repeated use of the term "choice" indicates that it considered Ms. Buckler as a potential guardian. We interpret the court's reference to "applicant" and "application" as a reference to a formal written application which was filed with the court. As was aptly noted, this case had been pending for more than a year but Ms. Buckler did not take any steps to be appointed as guardian until the day of the second hearing. This was clearly a concern to the Court and we find nothing improper in its decision to emphasize that appellee was the only party to make a formal written application to be his mother's guardian.
Appellants also object to the trial court spending several pages of the judgment entry reviewing evidence and making the determination that their mother was incompetent, when this fact had already been stipulated. They argue that this was "another mistake of fact which requires a remand." We disagree.
We believe that the trial court's consideration of an issue which had already been stipulated to by the parties demonstrates not error, but a very thorough and diligent performance of its duties. In appointing a guardian over Ms. Hodge's person and estate, the Court was ceding much of her personal freedom and liberty to her son. This is a serious matter and while the trial court was not required to review all of the evidence in light of the parties' stipulated fact, we certainly find no error in its decision to do so.
For these reasons, we find that the first assignment of error is without merit. Accordingly, we overrule appellant's first assignment of error.
 II
Appellants argue in their second assignment of error that the trial court erred in appointing appellee as their mother's guardian. Again, we disagree.[2]
It is well settled that probate courts have broad discretion when appointing guardians under R.C. 2111.02(A) and their decisions will not be reversed absent a showing of an abuse of that discretion. See In reEstate of Bednarczuk (1992), 80 Ohio App.3d 548, 551, 609 N.E.2d 1310,1313; In re Guardianship of Skrobut (Apr. 30, 1998), Mahoning App. No. 97CA18, unreported; In re Guardianship of Constable (Mar. 30, 1998), Clermont App. No. CA97-11-101, unreported; In re Metzenbaum (Jul. 31, 1997), Cuyahoga App. No. 72052, unreported; In re Guardianship of Worth
(Jun. 20, 1997), Darke App. No. 1430, unreported. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. See Landis v.Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140,1142; Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440,448, 659 N.E.2d 1242, 1249; State ex rel. Solomon v. Police Firemen'sDisability Pension Fund Bd. of Trustees (1995), 72 Ohio St.3d 62, 64,647 N.E.2d 486, 488. To demonstrate an abuse of discretion, it must be shown that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3.
Moreover, appellate courts are also admonished that, when applying the abuse of discretion standard, they are not to substitute their own judgment for that of the trial court. See State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254,1258; In re Jane Doe 1 (1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181,1184; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301,1308.
Appellants have not specifically argued that any abuse of discretion occurred in the instant case and we have found none in our own review of the record. To the contrary, we believe the trial court made the best decision possible given the circumstances. The parties all stipulated that Ms. Hodge is in need of a guardian. Only two of her children volunteered to serve in that capacity — appellee (Raymond Hodge) and appellant (Phyllis Buckler). Ms. Buckler testified that she did not believe her mother was actually incompetent, thus prompting the Court to conclude that appellee was the more appropriate choice for guardian. Furthermore, as noted by the guardian ad litem, the evidence adduced below tended to show some questionable decision-making by Ms. Buckler in regard to her mother's care. All things considered, we find no abuse of discretion in the trial court's decision to appoint appellee as the guardian of his mother's person and estate. We therefore overrule appellant's second assignment of error.
Thus, having considered all errors assigned and argued in the briefs, and finding merit in none of them, we hereby affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Probate Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 __________________________________ Peter B. Abele, Presiding Judge.
Harsha, J. Evans, J. Concur in Judgment Opinion.
[1] This application was proceeded by several motions and ex parte
orders granting appellee temporary emergency guardianship over his mother to "assist her in getting appropriate care and treatment."
[2] We note that appellants cite no legal authority in support of this assignment of error. Failure to cite case law or statutes in support of an argument, as required by App.R. 16(A)(7), is grounds to disregard an assignment of error pursuant to App.R. 12(A)(2). Meerhoff v. HuntingtonMtge Co. (1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109, 1113; alsosee State v. Riley (Dec. 29, 1998), Vinton App. No. 98CA518, unreported;Hiles v. Veach (Nov. 20, 1998), Pike App. No. 97CA604, unreported. We would be well within our authority to summarily overrule this assignment of error on this basis alone. Nevertheless, in the interests of justice we will consider appellant's assertions.