DECISION AND JUDGMENT ENTRY.
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment regarding the divorce granted to Terry Lee Samples, plaintiff below and appellee herein, and John A. Samples, defendant below and appellant herein. The following error is assigned for our review:
 {¶ 2} "THE TRIAL COURT ABUSED ITS DISCRETION IN MAKING AN UNEQUAL AND INEQUITABLE DIVISION OF MARITAL PROPERTY IN THIS CASE."
 {¶ 3} A brief summary of the facts pertinent to this appeal is as follows. The parties married on December 8, 1989 in Satellite Beach, Florida.[1] No children were born as issue of the marriage. Appellee commenced the action below on June 28, 2000, and alleged that she and her husband were incompatible and that her husband was guilty of gross neglect of duty, extreme cruelty and adultery. She asked, inter alia, for a divorce and a "permanent settlement" of their property rights. Appellant denied his wife's allegations and filed a counterclaim that sought a divorce on grounds of incompatibility, gross neglect of duty and extreme cruelty. He also asked for a fair and equitable division of their marital property.
 {¶ 4} The matter came on for hearing on January 22, 2001. Appellant admitted that his wife had grounds for divorce. As for division of property, the parties owned no real estate and each of them took certain items of personal property with the consent of the other party. The only issue of contention concerned a Plymouth Neon valued at $10,875 and the loan to purchase that vehicle with a balance of $10,912.45. Appellant did not object to his wife keeping the car, but he did not want to continue to make the $256 monthly car payment.[2]
 {¶ 5} On February 13, 2001, the trial court issued its decision and granted appellee a divorce and awarded each party whatever personal property they had divided and was in their possession at that time. The court further awarded the Plymouth Neon to appellee and ordered appellant to continue to make the monthly car payment. Final judgment to that effect was entered on April 23, 2001.
 {¶ 6} Appellant appealed the trial court's judgment and, on January 14, 2002, we reversed that judgment. See Samples v. Samples, Washington App. No. 01CA11, 2002-Ohio-115. In so doing, we held that the trial court failed to expressly state its rationale under R.C. 3105.171
to award the car to appellee and to order appellant to make the car payments. We remanded the matter for further proceedings.
 {¶ 7} On February 13, 2002, the trial court issued additional findings of fact and conclusions of law. Though not citing any specific factors under R.C. 3105.171 in support of its order, the court did offer the following detailed explanation for its disposition:
 {¶ 8} "The Court concludes that the plaintiff is unable to pay the increased cost of her health insurance and the loan payment for the Plymouth Neon. From the defendant's testimony the Court concludes that the defendant's only objects [sic] to paying the loan payment on plaintiff's [b]ehalf is his concern that he may be liable in damages in the event the plaintiff is involved in an accident while driving the [N]eon for which she is at fault. The defendant raised no objection to making the loan payment based upon his inability to pay. The plaintiff's monthly living expenses exceeds the defendant's monthly living expenses by $770.00 each month primarily because the defendant does not pay any rent or utilities to a family trust which owns the farm where he lives with his brother. Further, the Court concludes the defendant's contention regarding liability has no merit."
 {¶ 9} The trial court issued a judgment that incorporated these findings of fact and conclusions of law on April 13, 2002. This appeal followed.
 {¶ 10} Appellant's sole assignment of error includes the disposition of the Plymouth Neon. He does not contest the decision to award the car to his ex-wife, but he does argue that the trial court's order to require him to continue to make the car payments is erroneous. We disagree.
 {¶ 11} Our analysis begins from the premise that in a divorce action, Ohio law requires an "equitable division" of marital property between spouses. See R.C. 3105.171(B). Ordinarily, this means an equal division of property. Id. at (C)(1). If, however, an equal division of marital property is inequitable, a court shall divide the property in the manner the court determines to be equitable. Id. In making an equitable division of marital property, R.C. 3105.171(F) requires trial courts to consider the following factors:
 {¶ 12} "(1) The duration of the marriage;
 {¶ 13} "(2) The assets and liabilities of the spouses;
 {¶ 14} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 15} "(4) The liquidity of the property to be distributed;
 {¶ 16} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 17} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 18} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 19} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 20} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 21} Allocation of marital debt is inextricably intertwined with the division of marital property. See deLevie v. deLevie (1993),86 Ohio App.3d 531, 537-538, 621 N.E.2d 594 (trial court reviewed allocation of debt as part of property distribution); Layne v. Layne
(1992), 83 Ohio App.3d 559, 568, 615 N.E.2d 332 ("This is a question of property division, and, in general, indebtedness follows the asset);Mavity v. Mavity, Butler App. Nos. CA2000-12-244 CA2000-12-247, 2002-Ohio-556 (while debt is not explicitly mentioned in the statute, courts interpreting R.C. 3105.171 have found that the starting point for allocating marital property is an equal division of marital assets and debts). Thus, trial courts must take marital debt into consideration when they divide property pursuant to R.C. 3105.171(F). See Barkley v.Barkley (1997), 119 Ohio App.3d 155, 170, 694 N.E.2d 989. With these principles in mind, we turn our attention to the proceedings below.
 {¶ 22} We acknowledge at the outset that the property division, except for the disposition of the Plymouth Neon, appears to be roughly equivalent. However, by awarding a car valued at $10,000 to appellee, and by ordering appellant to assume the $10,000 debt on the vehicle, the trial court essentially created a $20,000 disparity in its award of marital property. We note that the trial court did not expressly cite the R.C. 3105.171(F) factors to support this unequal award. After a thorough review of the trial court's February 13, 2002 findings of fact and conclusions of law, however, we are persuaded that a sufficient rationale was set out to support this exercise of discretionary authority.
 {¶ 23} In its judgment the trial court expressly cited appellant's thyroid cancer, her mounting medical bills and the increasing cost of her health insurance. The court also cited appellant's vested pension from Firestone and the fact that appellee has no retirement "other than social security." Although appellee previously had $8,000 on deposit with the Florida Public Employees Retirement System, that money was withdrawn to pay marital debts which presumably were incurred as much by her ex-husband as they were by appellee. Additionally, the court noted that appellee's housing expense is $704 per month, whereas appellant lives rent free in a farm owned by his family's trust. Finally, in addition to that portion of the findings of fact and conclusions of law set forth previously, the court also reasoned as follows:
 {¶ 24} "The defendant is a college graduate having earned a bachelor's degree in manufacturing management. The defendant is a high school graduate and has received no further education. The defendant's earning potential is greater than the plaintiff's. The defendant is presently underemployed. The plaintiff often worked two jobs during their marriage, but since the surgery and the subsequent treatment for thyroid cancer she has been unable to do so. For all of the foregoing reasons, the Court concludes that the defendant shall continue to pay the car loan payment in the sum of $256.00 per month until the loan is paid in full, saving the plaintiff harmless thereon, thereby assisting the plaintiff during her period of recovery and adjustment."
 {¶ 25} As noted above, in fashioning a division of property a trial court may consider any factor it finds to be relevant and equitable. R.C. 3105.171(F)(9). Trial courts also possess broad discretion to fashion an equitable property division. See Knight v.Knight, Washington App. No. 00CA38, 2001-Ohio-2448. Thus, absent an abuse of that discretion, appellate courts will not reverse trial court decisions in property division issues. See Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131, 541 N.E.2d 597; Worthington v. Worthington
(1986), 21 Ohio St.3d 73, 76, 488 N.E.2d 150; Martin v. Martin (1985),18 Ohio St.3d 292, 294-295, 480 N.E.2d 1112. We note that an abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. SeeLandis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342,695 N.E.2d 1140; Malone v. Courtyard by Marriott L.P. (1996),74 Ohio St.3d 440, 448, 659 N.E.2d 1242; State ex rel. Solomon v. Police Firemen's Disability Pension Fund Bd. of Trustees (1995),72 Ohio St.3d 62, 64, 647 N.E.2d 486. In applying the abuse of discretion standard, appellate courts are admonished that they must not substitute their judgment for that of the trial court. See State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254;In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181;Berk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. Indeed, to show an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1.
 {¶ 26} In the case sub judice, we are not persuaded that the trial court abused its discretion despite some strong arguments made by appellant in his brief. The trial court gave a detailed explanation for its decision to order appellant to pay the Plymouth Neon loan. Obviously, that decision was made to partially ameliorate the financial disparity between the parties brought on by appellee's cancer, her increased medical expenses and costs of insurance as well as appellant's greater earning potential and lack of housing expenses. Thus, after our review of the record we cannot conclude that the trial court's actions were arbitrary, unreasonable or unconscionable.
 {¶ 27} For these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] In a prior decision, we incorrectly stated that the parties were married in 1990. See Samples v. Samples, Washington App. No. 01CA11, 2002-Ohio-115. We correct that mistake here.
[2] Appellant was ordered at the outset of the proceedings to make the car payments.