OPINION
{¶ 1} Plaintiff-appellant, Donna McClanahan, appeals from a judgment of the Franklin County Court of Common Pleas finding in favor of defendant-appellee, Ohio Public Employees Retirement System ("PERS"), on appellant's complaint for declaratory judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The facts of this case are largely undisputed. On October 1, 1990, Kenneth A. Klir, Sr. retired from public service, and he elected to receive retirement benefits pursuant to "Plan B," under PERS. "Plan B" provides for a single life annuity payable for the retiree's lifetime and terminating at death. On May 4, 2001, Mr. Klir married appellant. During the summer of 2001, Mr. Klir contacted PERS regarding a possible change of the plan of payment for his monthly benefit. On November 1, 2001, Mr. Klir executed an application to change his retirement plan from "Plan B," single life annuity, to "Plan C," joint survivorship annuity, naming appellant as his spouse and his beneficiary. PERS received the application on November 15, 2001. Mr. Klir died on November 24, 2001. In January 2002, PERS, citing R.C. 145.46(E), advised appellant that because Mr. Klir died prior to the effective date of the retirement plan change, December 1, 2001, she was not entitled to monthly benefits as a surviving spouse and beneficiary.
 {¶ 3} On September 25, 2003, appellant filed a declaratory judgment action against PERS in the Cuyahoga County Court of Common Pleas. Pursuant to Civ.R. 3(C)(1), the case was transferred to the Franklin County Court of Common Pleas on March 30, 2004. By her complaint in this action, appellant sought a declaratory judgment that R.C. 145.46(E) is unconstitutional, and that she is entitled to payment of the PERS retirement benefits of her deceased husband. On March 10, 2005, the matter was referred to a magistrate of the trial court for a jury-waived trial. Following the trial, the magistrate rendered a decision finding appellant not entitled to the requested relief. On July 7, 2005, appellant filed objections to the magistrate's decision. On September 12, 2005, the trial court overruled appellant's objections and adopted the magistrate's decision as its own, finding "no basis for disagreement with the Magistrate's conclusions."
 {¶ 4} Appellant appeals from that judgment and assigns the following two errors for our review:
[1.] THE TRIAL COURT ERRED IN DENYING THE OBJECTIONS OF THE APPELLANT TO THE FINDINGS OF FACT AND CONCLUSIONS OF LAW OF THE MAGISTRATE AND ERRED FURTHER IN FINDING THAT THE APPELLANT WAS NOT ENTITLED TO DECLARATORY RELIEF DECLARING THAT UNDER THE FACTS OF THIS CASE R.C. 145.46(E) DEPRIVED APPELLANT WIDOW EQUAL PROTECTION OF THE LAW SINCE IT ARBITRARILY DENIED APPELLANT THE RIGHT TO RECEIVE PLAN "C" SURVIVORSHIP BENEFIT RIGHTS GRANTED TO STATE POLICE AND FIRE RETIREE WIDOWS UNDER R.C. SEC. 742.37.11.
[2.] THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE EVIDENCE ADDUCED THROUGH THE JOINT STIPULATIONS AND EXHIBITS DEMONSTRATED THAT THE STATE'S CLAIM TO ADMINISTRATIVE BURDEN AND COST WERE CONTRADICTED BY SAID DOCUMENTS AND THUS FAILED TO SHOW A REASONABLE BASIS FOR THE DISPARATE TREATMENT OF RETIREE WIDOWS UNDER R.C. SEC. 145.46(E) AND R.C. SEC. 742.37.11 AND ON THE BASIS THEREOF SHOULD HAVE GRANTED THE APPELLANT THE DECLARATORY RELIEF SHE WAS SEEKING.
 {¶ 5} As appellant's assignments of error involve interrelated issues, we will address them together. By her first assignment of error, appellant argues that the trial court erred in overruling her objections to the magistrate's decision and in finding that she was not entitled to declaratory relief. She argues that the trial court erred in finding that R.C. 145.46(E) did not deprive her of equal protection. By her second assignment of error, appellant contends that the trial court erred in not finding that the evidence failed to demonstrate a reasonable basis for the different classes of retiree widows under R.C.145.46(E) and R.C. 742.3711. The central issue raised by appellant's assignments of error is whether the application of R.C. 145.46(E) to the facts of this case denied appellant equal protection of the law.
 {¶ 6} Statutes carry a strong presumption of constitutionality. Harrold v. Collier, 107 Ohio St.3d 44,2005-Ohio-5334, at ¶ 36. The party challenging the statutes bears the burden of proving that the legislation is unconstitutional beyond a reasonable doubt. Id.
 {¶ 7} The Equal Protection Clause of the Fourteenth Amendment provides that no state shall deny to any person the equal protection of the laws. The Equal Protection Clause prevents states from treating people differently under its laws on an arbitrary basis. Harper v. Virginia State Bd. of Elections
(1966), 383 U.S. 663, 681, 86 S.Ct. 1079, 1089 (Harlan, J., dissenting). Section 2, Article I, of the Ohio Constitution provides in part: "All political power is inherent in the people. Government is instituted for their equal protection and benefit[.]" These constitutional provisions require similarly situated individuals to be treated in a similar manner. "In other words, laws are to operate equally upon persons who are identified in the same class." State ex rel. Patterson v. Indus.Comm. (1996), 77 Ohio St.3d 201, 204.
 {¶ 8} Appellant argues that R.C. 145.46(E) is unconstitutional because it violates her right to equal protection. The applicable version of R.C. 145.46(E) provided as follows:
Following a marriage or remarriage, a retirant who is receiving the retirant's retirement allowance under "plan B" may elect a new plan of payment * * * based on the actuarial equivalent of the retirant's single lifetime benefit as determined by the board. The plan shall become effective the first day of themonth following receipt by the board of an application on a formapproved by the board. (Emphasis added.)[1] Thus, pursuant to that statute, Mr. Klir's application to change his retirement plan was scheduled to become effective on December 1, 2001. However, Mr. Klir died on November 24, 2001, thereby precluding the change. Appellant asserts that had she been a widow of a member of the Police and Fire Pension Fund under the same circumstances, the change in retirement plan would have been effective on November 1, 2001, and she would have been entitled to the survivor benefits. The version of R.C. 742.3711(C) in effect at the time Mr. Klir completed the application, provided, in pertinent part, that "[f]ollowing marriage or remarriage, a member of the [Ohio Police and Fire Pension Fund] may elect * * * a new optional plan of payment[.] The plan and the member's lesser retirement allowance shall become effective on the date the election is made on a form approved by the board." Thus, if R.C. 742.3711(C) had been applicable, Mr. Klir's reselection would have been effective on the date he completed the application.
 {¶ 9} Appellee argues that the facts of this case are virtually the same as the facts in State ex rel. Solomon v. Bd.of Trustees of the Police and Firemen's Disability and PensionFund (1995), 72 Ohio St.3d 62. Thus, according to appellee, that case is controlling here. Similar to the facts found in the case at bar, the Solomon case involved a retiree member of one of the Ohio retirement systems who applied to reselect his retirement plan so his wife could receive benefits following his death, but died prior to the effective date of the reselection. In Solomon, the widow of the retiree member of the Ohio Police and Fire Pension Fund sought retirement benefits as a surviving beneficiary, but was denied because the retiree's reselection had not been effective. As the retiree in Solomon was a member of the Ohio Police and Fire Pension Fund, R.C. 742.3711(C) determined when the retirement plan reselection was effective. One of the issues addressed by the Supreme Court of Ohio inSolomon was whether the Board of Trustees of the Police and Fire Pension Fund ("board") had interpreted R.C. 742.3711(C) so as to violate equal protection.
 {¶ 10} The version of R.C. 742.3711(C) that was applicable inSolomon provided that a reselection would "become effective the first day of the month following an application of a form approved by the board." The widow in the Solomon case set forth two reasons why, in her view, the statute violated equal protection. The widow argued that R.C. 742.3711(C) violated equal protection because if the board had received her husband's reselection application two days earlier, she would have been entitled to benefits. The Supreme Court of Ohio found that argument unpersuasive because the classification was rationally related to the legitimate state purpose of preservation of state money. See id.
 {¶ 11} The widow also argued that R.C. 742.3711(C) violated equal protection in view of Ohio Adm. Code 742-3-07(H). TheSolomon court noted that Ohio Adm. Code 742-3-07(H) "provides that if a member of the fund dies while an initial application for retirement is pending, and if the board ultimately approves the application, the surviving beneficiary designated by the decedent in the application will receive benefits under the optional plan selected." Solomon, at 67. In resolving the issue, the court observed that the retiree's reselection based on the post-retirement remarriage was not an initial selection and concluded that "[h]e was not situated similarly to those retirees making an initial selection of a retirement plan." Id. Accordingly, the Supreme Court found the widow's equal protection arguments to be meritless. See id.
 {¶ 12} Appellant argues that appellee's reliance on Solomon
is misplaced. First, appellant essentially argues that this case is distinguishable from Solomon because the evidence in this case demonstrates that there were no concerns as to administrative cost issues related to when the application for a plan change becomes effective. In this regard, appellant focuses on whether there was evidence presented at trial demonstrating an administrative cost or burden to the state. Appellant reasons that the evidence at trial did not support the rationale for distinguishing between PERS retiree widows and police and fire pension fund retiree widows for purposes of allowing an amendment from a "Plan B" benefit plan to a "Plan C" benefit plan. According to appellant's analysis, the reasoning supporting the classification in the Solomon case does not apply in this case, in view of statements by PERS administrators. This reason for distinguishing this case from Solomon is not persuasive, as "[a] State * * * has no obligation to produce evidence to sustain the rationality of a statutory classification. `[A] legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data.'" Heller v. Doe (1993), 509 U.S. 312, 320,113 S.Ct. 2637, quoting FCC v. Beach Communications, Inc. (1993),508 U.S. 307, 313, 113 S.Ct. 2096. "In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Beach Communications,Inc., at 313.
 {¶ 13} Second, appellant asserts that Solomon is not dispositive of the issues in this case in view of the amendment of R.C. 742.3711(C) which provided that the retirement plan change was effective on the date that it was made. Specifically, pursuant to H.B. 648, effective September 16, 1998, R.C.742.3711(C) was amended to provide that a reselection would be effective "on the date the election is made[.]" Appellant argues that, at the time Solomon was decided, there was no distinction between the treatment of the widows of deceased retirees under R.C. 145.46(E) and R.C. 742.3711(C), as to the effective date of a retirement plan change. Appellant argues that the General Assembly created an arbitrary classification of widows when it amended R.C. 742.3711(C), subsequent to the Solomon case, so as to provide that a retirement plan change for a member of the Ohio Police and Fire Pension Fund would be effective on the date that the election is made. Pursuant to appellant's analysis, if the legislature had not amended R.C. 742.3711(C) to provide that the reselection would be effective on the date the election is made, then R.C. 145.46(E), as applied in this case, would not have been unconstitutional.
 {¶ 14} Appellant is correct to the extent she argues that theSolomon case is not entirely controlling in the case at bar because this case involves an issue that was not addressed inSolomon. In Solomon, the widow of the deceased retiree did not, as in the case at bar, compare the statutory schemes of different retirement systems and argue that, based on differences in those systems, the applicable provision violated equal protection. However, that distinction does not operate to demonstrate an equal protection violation in this case.
 {¶ 15} A review of the Ohio Revised Code reveals that the General Assembly has placed different categories of governmental employment into different retirement systems. See R.C. Chapter 145 (governing PERS); R.C. Chapter 742 (governing Police and Fire Pension Fund); R.C. Chapter 3307 (governing State Teachers Retirement System); R.C. Chapter 3309 (governing Public School Employees Retirement System); and R.C. Chapter 5505 (governing Highway Patrol Retirement System). Therefore, the applicable versions of R.C. 145.46(E) and R.C. 742.3711(C) do not, by themselves, create classifications, as the persons covered by those provisions were classified by the General Assembly as part of different retirement systems. Appellant does not dispute that those classifications are reasonable or contend that it is unconstitutional for different retirement systems to exist in Ohio. In addition, she emphasizes that she is not arguing that the five retirement systems must contain identical provisions.
 {¶ 16} However, a basic premise of appellant's equal protection argument is that she was similarly situated to a widow of a Police and Fire Pension Fund retiree. According to appellant, the undisputed facts of this case demonstrate that she, as a widow of a PERS retiree, was similarly situated to a widow of a police and fire pension fund retiree. Appellant compares her situation under the applicable version of R.C.145.46(E) to the situation that would have encountered a widow of a Police and Fire Pension Fund retiree under the applicable version of R.C. 742.3711(C). If the retirement plan change would have been effective at the time appellant's husband completed the application, then she would be entitled to survivorship benefits. However, because the applicable version of R.C. 145.46(E) provided that the change would be effective on the first day of the month following receipt of his reselection application, his attempted reselection was essentially a nullity in view of the timing of his death.
 {¶ 17} We find that appellant has not demonstrated that she was unconstitutionally treated differently than similarly situated persons. Cf. Roseman v. Firemen and Policemen's DeathBenefit Fund (1993), 66 Ohio St.3d 443. Appellant is a widow of a PERS retiree, but she argues that she was unconstitutionally treated differently than widows of Police and Fire Pension Fund retirees, even though she concedes that the existence of separate retirement systems in Ohio is rational and constitutional. In addition, Beverlon Hodge, the assistant director of benefits administration for PERS, testified before the magistrate that there are many variations within the five retirement systems in Ohio, and that the systems have different rules, guidelines, and memberships. Furthermore, as noted by the magistrate in his decision, appellant presented no evidence comparing the contribution requirements, benefits available, or financial status of the retirement systems.
 {¶ 18} In the absence of evidence demonstrating that members of PERS and the Police and Fire Pension Fund, or their beneficiaries, are similarly situated, we cannot conclude that appellant is constitutionally entitled to be treated the same, in regard to when a member's retirement plan change is effective, as widows of retirees under the Police and Fire Pension Fund.
 {¶ 19} In sum, appellant has not overcome the presumptive constitutionality of the statute at issue because she has not demonstrated that the statute violated her right to equal protection. Thus, the trial court properly determined that appellant is not entitled to the requested declaratory relief. Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt, P.J., and Brown, J., concur.
[1] Am. H.B. 10 amended R.C. 145.46(E), effective June 6, 2005. As amended by Am. H.B. 10, R.C. 145.46(E) provides that a new plan of payment elected under that division becomes effective "on the date of receipt by the board of an application on a form approved by the board[.]"